441 A.2d 1225
**COMMONWEALTH of Pennsylvania,**
v.
**Frank METZGER, Appellant.**

Superior Court of Pennsylvania.

Argued July 17, 1979.

Filed Aug. 28, 1981.

Reargument Denied March 16, 1982.

Petition for Allowance of Appeal Denied May 13, 1982.

Robert Breslin, Jr., Assistant Public Defender, Chester, for appellant.

Sandra L. Gross, Assistant District Attorney, Media, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WIEAND, Judge:

In this direct appeal from the judgment of sentence imposed for murder of the first degree, burglary and conspiracy, appellant contends that his trial counsel was constitutionally ineffective in seven separate instances.[1] We disagree and affirm the judgment of sentence.

On September 25, 1974, the remains of Martha Metzger, who had been reported missing from her Delaware County home on August 18, 1974, were found in a field behind a farm house in Farnham, New York. The cause of death was determined to be suffocation and strangulation caused by a cloth which had been stuffed into her mouth and secured with adhesive tape. Her body had been bound with rope, wrapped in bed clothes, covered with plastic and buried in a shallow grave.

---

* Justice Robert N. C. Nix, Jr., of the Supreme Court of Pennsylvania and Judge I. Martin Wekselman of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

1. When this appeal was initially before a panel of the Superior Court, it was remanded on motion of the appellant to permit an additional averment of ineffective assistance. That averment was made, an evidentiary hearing was held thereon, and the entire appeal has been returned to the panel for decision.

Martha Metzger and the appellant, Frank Metzger, had been husband and wife and the parents of four children. They had been separated, however, and after 1971 appellant lived meretriciously with Diane Linda Hamill. In the summer of 1974, appellant and Diane Hamill rented a farm house in Farnham, New York, and began to ready it for the four Metzger children who were then residing with their mother in Pennsylvania. On August 18, 1974, appellant and Diane Hamill drove to Mrs. Metzger's home in Delaware County, Pennsylvania, where they broke into the residence and struck Mrs. Metzger with a flashlight, rendering her unconscious. Mrs. Metzger was then wrapped in a bedsheet; a wash cloth was stuffed in her mouth, causing her to suffocate; and she was carried to appellant's car. The same night appellant returned with his girlfriend, his dead wife and his four children to the farm house in Farnham, New York.

A month later, appellant and Diane Hamill fled, abandoning the farm house and leaving the children alone in a nearby motel. Appellant was not arrested until July 11, 1975, when he was found in Boise, Idaho. On March 29, 1976, he entered a plea of guilty to a general charge of murder. He also waived trial by jury on the burglary and conspiracy charges and agreed that trial should be consolidated with the degree of guilt hearing to be held before the Honorable Clement J. McGovern. After trial, Judge McGovern found appellant guilty of burglary and conspiracy and fixed the degree of guilt as murder in the first degree. In July, 1976, appellant appeared pro se to present a motion to withdraw his guilty plea to murder and a separate motion for the appointment of new counsel. New counsel was appointed, but the motion to withdraw his plea and post-trial motions were unsuccessful, and sentence was imposed.

The standard for evaluating the effectiveness of counsel is clear: we must determine whether the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Counsel will not be deemed ineffective if the action which he failed to take would have been frivolous or futile. *Commonwealth v. Barren*, 273 Pa.Super. 492, 417 A.2d 1156 (1979); *Commonwealth v. Yarbough*, 248 Pa.Super. 356, 375 A.2d 135 (1977).

■ The first alleged dereliction of trial counsel is his failure to file a motion to suppress the finding of the body and the items with which the body had been tied and wrapped. The failure to file a suppression motion under some circumstances may be evidence of ineffective assistance of counsel. However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move. *Commonwealth v. Ransome*, 485 Pa. 490, 402 A.2d 1379 (1979); *Commonwealth v. Martin*, 479 Pa. 63, 68, 387 A.2d 835, 837 (1978); *Commonwealth v. Hubbard*, 472 Pa. 259, 277–78, 372 A.2d 687, 695–96 (1977).

■ In the instant case, an application to suppress the evidence found in the yard of the abandoned farm house would have been futile. "The Fourth Amendment," it has been said, "protects people, not places." *Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576, 582 (1967). To attack the validity of a search, one must demonstrate a proprietary or possessory interest in the premises searched sufficient to justify a reasonable expectation of privacy. *Commonwealth v. Treftz*, 465 Pa. 614, 622, 351 A.2d 265, 268 (1976). There is not such an interest in abandoned property. One has no standing to complain of a search of property which he or she has voluntarily abandoned. *Abel v. United States*, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); *Commonwealth v. Shoatz*, 469 Pa. 545, 366 A.2d 1216 (1976); *Commonwealth v. Williams*, 269 Pa. Super. 544, 410 A.2d 835 (1979). Property has been abandoned if the complaining party no longer retains a reasonable expectation of privacy in the property. *Commonwealth v. Sero*, 478 Pa. 440, 452, 387 A.2d 63, 69 (1978); *Commonwealth v. Shoatz*, supra.

Appellant's trial counsel testified at an evidentiary hearing that he had considered a motion to suppress and had rejected it because, in his opinion, appellant had abandoned

the farm and, therefore, lacked standing to challenge the validity of the search. The trial court agreed; and the evidence substantiates and confirms its findings and conclusion. Appellant testified that he had believed the police would soon arrest him for the murder of his wife. After procuring a motel room in Dunkirk and remaining there for three days with his children and Diane Hamill, he decided to flee the jurisdiction. Leaving his children at the motel, where they were found on September 23, 1974, he and Diane Hamill fled to Missouri. When police arrived at the farm house in Farnham on September 25, with a warrant for appellant's arrest on charges of abandoning his children, they found the door open, lights turned on, partially prepared sandwiches on the counter, defrosted hot dogs in the sink, and personal belongings strewn about. Thus, appellant had effectively abandoned his interest in the property and no longer had any reasonable expectation of privacy with respect thereto.

It is also significant that the victim's body was found in a grassy area two hundred feet to the rear of the farm house. In *Hester v. United States,* 265 U.S. 57, 59, 44 S.Ct. 445, 446, 68 L.Ed. 898, 900 (1924), the Court observed that "the special protection accorded by the Fourth Amendment to the people in their 'persons, houses, papers, and effects' is not extended to the open fields." See also: *Commonwealth v. Treftz,* supra, 465 Pa. at 626, 351 A.2d at 270–271; *Commonwealth v. Janek,* 242 Pa.Super. 340, 363 A.2d 1299 (1976). The decedent's body was found in a field behind the farm house in which appellant had lived with his girlfriend and children.

For these reasons we conclude that a motion to suppress the corpse and the evidence found with it would have been futile, and trial counsel was not ineffective for failing to file or pursue the same.

Appellant next contends that his trial counsel was ineffective because he stipulated to the testimony of several witnesses and for failing to cross-examine others. Appellant has failed completely, however, to show in what manner he would have benefitted by a contrary course of action. Appellant entered a plea of guilty to the murder of his wife.

Previously he had admitted the killing when he testified at the trial of Diane Hamill. The strategy of defense counsel, therefore, was not to deny the killing but to focus on appellant's mental capacity. The stipulations entered by counsel and his failure to cross-examine Commonwealth witnesses were consistent with that strategy. Counsel testified that he cross-examined witnesses only when doing so would elicit neutral or favorable responses.

Trial decisions, including a decision as to whether to cross-examine a witness, are within the exclusive province of counsel. *Commonwealth v. Roundtree*, 469 Pa. 241, 364 A.2d 1359 (1976); *Commonwealth v. McGrogan*, 449 Pa. 584, 297 A.2d 456 (1972). Counsel will not be declared ineffective where, as here, his trial strategy had a reasonable basis designed to effectuate his client's interest; *Commonwealth ex rel. Washington v. Maroney*, supra, and appellant has failed to show that the alternatives not chosen offered a potential for success substantially greater than the strategy and tactics actually utilized. *Commonwealth v. Hubbard*, supra 472 Pa. at 277–78, 372 A.2d at 695–696.

For the same reason, counsel cannot be held ineffective for entering stipulations concerning the testimony of defense character witnesses in lieu of calling them to the witness stand to testify. Indeed, in the instant case, counsel testified that by stipulating to testimony of appellant's good character, he was able to eliminate a concern, which had arisen after interviews with the character witnesses, that some witnesses would disclose flaws in appellant's reputation which were better left undisclosed.

Counsel also cannot be faulted for withdrawing a defense motion for change of venue after appellant had decided not to be tried by jury and to enter a plea of guilty to murder. The principal reason for changing venue is to insure trial by an impartial jury. *Commonwealth v. Frazier*, 471 Pa. 121, 369 A.2d 1224 (1977). Here, appellant had waived jury trial, and there was no basis for believing that appellant would receive anything less than an impartial hearing from the judge who accepted appellant's guilty plea.

■ Appellant next contends that counsel was ineffective for relying upon the testimony of an endocrinologist instead of employing a psychiatrist to testify as a defense witness. The endocrinologist, who had offices in Boise, Idaho, testified that he had treated appellant for a condition known as myxedema, a thyroid hormone deficiency, which is frequently accompanied by psychological difficulties such as psychosis and loss of emotional control. He expressed the opinion that appellant was suffering from these psychological side-effects at the time of the killing. There was no known reason for counsel to believe that appellant had been suffering from any other psychiatric problems. There was no basis for an insanity defense, and counsel, therefore, utilized the testimony of appellant's treating physician to present testimony of a diminished capacity. We perceive in this decision, calculated to effectuate appellant's interests, no basis for declaring counsel ineffective.

The facts of the instant case are vastly different from and are not controlled by the decision in *Commonwealth v. Potts*, 486 Pa. 509, 406 A.2d 1007 (1979). In that case counsel had failed to present relevant and beneficial psychological and psychiatric testimony which was known and readily available because examinations had previously been made. In the instant case, counsel did present the evidence which was available concerning appellant's state of mind. The psychological difficulties allegedly experienced by him, however, were caused by a medical condition. Therefore, counsel called the treating physician who gave extensive testimony pertaining to appellant's physical condition and its effect upon his state of mind. Counsel was not ineffective for choosing this course instead of employing a psychiatrist to examine appellant further. Even now, appellant does not suggest that such an examination would have produced evidence of greater benefit to him than that given by his treating endocrinologist. See: *Commonwealth v. Hubbard*, supra.

■ Appellant also contends that trial counsel was ineffective for failing to investigate fully whether the medical cause of his wife's death was suffocation or the blow to the

head with a flashlight. The coroner's report listed the cause of death as suffocation but contained no reference to head trauma. Trial counsel testified that he had been aware of the causation issue after the preliminary hearing. After appellant decided to testify at the trial of Diane Hamill that it was he who had killed his wife, however, counsel determined that no good purpose could be served by pursuing further the causation issue. Whether she died from a blow to the head or as a result of suffocation, appellant was equally culpable. Therefore, the decision was made to proceed on the theory that the killing had occurred during a period of diminished capacity caused by myxedema. This was not ineffectiveness or sloth on the part of counsel.

Appellant's final contention that counsel was inadequately prepared is frivolous. The record discloses that appellant's counsel, an able attorney, interviewed witnesses, spent hours in preparation, monitored the co-defendant's trial, consulted frequently with appellant and kept him advised so that he could make informed and intelligent decisions.

We conclude, therefore, that appellant failed to prove ineffective representation by his trial counsel. The judgment of sentence is affirmed.