**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MIKECHEL BROOKER | : | |
| | : | |
| Appellant | : | No. 1068 EDA 2018 |

Appeal from the PCRA Order March 8, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006874-2009

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                     **FILED JANUARY 07, 2019**

Appellant Mikechel Brooker appeals from the order denying Appellant's first Post Conviction Relief Act[1] (PCRA) petition. Appellant contends that trial counsel was ineffective for failing to request jury instructions regarding the purported inaccurate testimony of three witnesses. We affirm.

Because we write for the parties, we need not reiterate the factual and procedural background of this matter. Appellant filed a timely *pro* se PCRA petition on June 22, 2016. The PCRA court appointed PCRA counsel, who filed an amended PCRA petition on September 26, 2017. The PCRA court issued a Pa.R.Crim.P. 907 notice on February 6, 2018. Appointed counsel did not file a response to the Rule 907 notice, but Appellant filed a *pro se* response on

---

[1] 42 Pa.C.S. §§ 9541-9546.

March 6, 2018.[2] The PCRA court denied Appellant's petition on March 8, 2018, and Appellant's counsel timely appealed. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b).

On appeal, Appellant's counsel raises the following questions:

[1.] Was trial counsel . . . ineffective for failing to request a certain jury instruction and then failing to object to such an instruction not being given where the jury should have been instructed that in considering the pre-trial statements, preliminary hearing and trial testimony of Commonwealth witnesses Antoinette Gray and Eleanore Sampson, that the jury should consider whether the witnesses' admitted drug use impaired their respective powers of observation and memory so that their respective accounts of the events they alleged to experience might be inaccurate?

[2.] Was trial counsel . . . ineffective when he failed to request a jury instruction and failed to object to the absence of same where the jury should have been instructed that in considering the pre-trial statements, preliminary hearing and/or trial testimony of Commonwealth witnesses Antoinette Gray and Jeffrey Gould that the jury should consider the fact that the witnesses were facing criminal charges or at least that the witnesses believed that they could or would face such charges and that same could have created a bias on behalf of the witnesses and/or motivation not to tell the truth in order to win favor with the Commonwealth and authorities?

Appellant's Brief at 3.

We summarize Appellant's arguments for both of his issues together. Appellant argues that trial counsel was ineffective for failing to request a jury

_____

[2] The PCRA court had granted PCRA counsel's motion for extension of time to file a Rule 907 response by March 5, 2018. Order, 2/21/18. The record does not indicate whether the PCRA court forwarded Appellant's *pro se* response to appointed counsel.

- 2 -

instruction. *Id.* at 8. Specifically, Appellant asserts that the court should have instructed the jury to consider the testimony of Gray and Sampson with caution because of their admitted drug use and that their impairment could have affected their observations. *Id.* Similarly, Appellant claims the court should have instructed the jury that Gray and Gould were facing or could face criminal charges. *Id.* at 9.

The standard and scope of review of an order resolving a PCRA petition that claimed trial counsel was ineffective is well-settled.

> Our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.
>
> It is well settled that counsel is presumed effective, and in order to overcome that presumption[,] a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner.
>
> The petitioner must plead and prove all three prongs, and the failure to establish any one prong warrants denial of an [ineffective assistance of counsel] claim.

*Commonwealth v. Becker*, 192 A.3d 106, 112 (Pa. Super. 2018) (citations, ellipses, brackets, and quotation marks omitted).

After careful review of the record, the parties' briefs, and the well-reasoned decision by the PCRA court, we affirm on the basis of the PCRA court's decision. As the PCRA court correctly observed, the underlying trial

court had instructed the jury on the following: (1) the witnesses' abilities to observe and recall accurately, (2) Gould was in prison for violating his parole, and (3) Gray had open bench warrants. PCRA Ct. Op., 3/8/18, at 6-7 (citing N.T. Trial, 7/13/12, at 124, 132-33). Because Appellant failed to establish trial counsel's ineffectiveness, we perceive no error in the PCRA court's order denying Appellant's first PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/19

Circulated 12/13/2018 03:13 PM

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0006874-2009

v.

MIKECHEL BROOKER

**FILED**

**MAR 1 9 2018**

**PCRA Unit**
**CP Criminal Listings**

## SUPPLEMENTAL OPINION

**McDermott, J.**                                      **March 19, 2018**

On February 21, 2018, in response to the Petitioner's Motion for Request of Extension of Time to Respond to Notice Pursuant to Pa.R.Crim.P. 907, this Court issued an Order granting the Petitioner until March 5, 2018 to file his response. On March 8, 2018, this Court dismissed the Petitioner's Amended Petition. On March 6, 2018, the Petitioner mailed his Objection to this Court's 907 Notice, which this Court received on March 15, 2018.

The Petitioner raised no new issues within in 907 Response. Instead, the Petitioner requested an additional sixty days to amend his PCRA Petition. Because the Petitioner fails to raise any additional issues in this 907 Response, and because PCRA counsel filing an Amended Petition is presumed to have raised all meritorious issues, this Court has no basis to conduct further review. The instant Petition therefore remains dismissed.

For the foregoing reasons, the judgment of this Court should be affirmed.

BY THE COURT,

Barbara A. McDermott, J.

CP-51-CR-0006874-2009 Comm. v. Brooker, Mikechel
Opinion

8084181531

Commonwealth v. Mikechel Brooker, CP-51-CR-0006874-2009

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Attn: Tracey Kavanagh, Esquire

**Type of Service:** **DA's Courthouse Assigned Box**

David S. Rudenstein, Esq.
9411 Evans Street
Philadelphia, PA 19115

**Type of Service:** **First Class Mail**

Mikechel Brooker
KV 2780
SCI Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239

**Type of Service:** **Certified Mail**

Dated: March 19, 2018

Joseph R. Duffy, Esq.
Law Clerk to the
Honorable Barbara A. McDermott

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA     :   CP-51-CR-0006874-2009

                               :

        v.                             :                           **FILED**

                               :             **MAR 0 8 2018**

MIKECHEL BROOKER                   :               PCRA Unit

                               :          CP Criminal Listings

### <u>ORDER AND OPINION</u>

**McDermott, J.**                                                      **March 8, 2018**

### <u>Procedural History</u>

On July 28, 2008, the Petitioner, the then-juvenile Mikechel Brooker, was arrested and charged with Murder and related offenses. On July 10, 2012, the Petitioner and his co-defendant Alonzo Ellison appeared before the Honorable Carolyn Engel Temin and elected to be tried by a jury. On July 16, 2012, the jury convicted the Petitioner of First-Degree Murder, Conspiracy to Commit Murder, Firearms Not to be Carried Without a License ("VUFA 6106") and Possession of an Instrument of Crime ("PIC").

Judge Temin deferred sentencing for completion of presentence and mental health reports. On December 17, 2012, Judge Temin imposed a thirty-five years to life imprisonment sentence for First-Degree Murder, to be served concurrently with a six to twelve year term of imprisonment for Conspiracy to Commit Murder,[1] for a total sentence of thirty-five years to life imprisonment.

The Petitioner appealed and on September 23, 2014, the Superior Court affirmed his judgment of sentence. On October 22, 2014, the Petitioner filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, which was denied on July 15, 2015.

---

[1] Judge Temin imposed no further penalty on VUFA 6106 or PIC.

On June 22, 2016, the Petitioner filed a timely *pro se* Post-Conviction Relief Act ("PCRA") petition. On September 26, 2017, appointed PCRA counsel filed an amended petition. On January 11, 2018, the Commonwealth filed a response. On February 6, 2018, this Court found the Petitioner's claims meritless and issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. The Petitioner did not respond to this Court's 907 Notice.

**Facts**

In its September 23, 2014 Opinion, the Superior Court summarized the facts as follows:

> On July 18, 2008, Barry Jacobs, Jr. ("Jacobs") was shot and killed on the 8700 Block of Glenoch Place in Philadelphia, by Alfonso Ellison (Ellison), Ferock Smith ("Smith") and [the Petitioner] in an apparent dispute over drug territory after Antoniette Gray ("Gray") refused to purchase drugs from Ellison. When Gray, shortly thereafter, purchased drugs from Jacobs, Ellison, Smith, and [the Petitioner] shot Jacobs multiple times. At trial, Gray testified that she did not remember the shooting and her July 20, 2008, statement to police was admitted. In her statement, Gray identified Ellison, Smith, and [the Petitioner] as the three people who shot Jacobs. Gray also saw Elliso], Smith, and [the Petitioner] the next day and heard them laughing about shooting Jacobs. Another eyewitness, Jeffrey Gould ("Gould"), testified that he saw someone standing over Jacobs and shoot him in the head. Gould had identified that person as Ellison in a July 18, 2008 statement to police, which was introduced at trial.
>
> At trial, Eleanore Sampson ("Sampson") testified that she did not remember the events after the shooting and her July 19, 2008 statement to police was admitted. In her statement, Sampson stated that Ellison, Smith, and [the Petitioner] came to her apartment on the night of July 18, 2008.
>
> Sampson stated that she let Ellison, Smith, and [the Petitioner] use her apartment because they gave her drugs. Ellison, Smith and [the Petitioner], had a conversation in Sampson's apartment that night, during which she heard Smith say he shot Jacobs. Smith and [the Petitioner] had handguns with them which they placed in Sampson's apartment. Sampson asked Ellison to remove the guns from her apartment and Ellison took a 9 millimeter handgun from Smith. [The Petitioner] and Smith left Sampson's apartment shortly thereafter, at which time, Ellison gave the 9 millimeter handgun back to Smith. Ellison stayed and slept at Sampson's apartment and was arrested leaving from the rear of the apartment when the police were

2

> knocking at the front door. A .32 caliber handgun was found during a
> search of Sampson's apartment after Ellison's arrest[.]

*Commonwealth v. Brooker*, 103 A.3d 325, 328–329 (Pa. Super. 2014).

## Discussion

The Petitioner raises four issues for review, alleging that trial counsel was ineffective for failing to: (1) investigate and call eyewitness Sonis Cooper; (2) file a motion to suppress the Petitioner's pre-trial identification, (3) request a jury instruction on the credibility of Commonwealth witnesses Gray and Sampson based on their voluntary intoxication; and, (4) request a jury instruction on the credibility of Commonwealth witnesses Gray and Gould based on their prior arrests.

To warrant relief based on an ineffectiveness claim, a petitioner must show that such ineffectiveness "in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa. 2014); 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed to have rendered effective assistance. *Commonwealth v. Weiss*, 81 A.3d 767, 783 (Pa. 2013) (*citing Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117 (Pa. 2012)).

To overcome the presumption, the Petitioner has to satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court of Pennsylvania has applied the *Strickland* test by looking to three elements, whether (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner has shown that he suffered prejudice as a result of counsel's lapse, *i.e.*, that there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). If a claim fails under any necessary element of the *Pierce* test, the court may proceed to that element first. *Commonwealth v.*

3

*Bennett*, 57 A.3d 1185, 1195–1196 (Pa. 2011). Counsel will not be deemed ineffective for failing to raise a meritless claim. *Commonwealth v. Rivera*, 108 A.3d 779, 789 (Pa. 2014) (*citing Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006)).

To prevail on a claim of trial counsel ineffectiveness for failing to investigate and call a witness, a petitioner must show that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or should have known of the witness' existence; (4) the witness was prepared to cooperate and would have testified on the petitioner's behalf; and, (5) the absence of the testimony prejudiced the petitioner. *Commonwealth v. Cousar*, 154 A.3d 287, 312 (Pa. 2017) (*citing Commonwealth v. Fletcher*, 750 A.2d 261, 275 (Pa. 2000)). In the context of ineffective assistance, prejudice means there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Commonwealth v. Walker*, 36 A.3d 1, 7 (Pa. 2011) (*citing Commonwealth v. Kimball*, 724 A.2d 326, 332 (Pa. 1999)).

The Petitioner argues that trial counsel was ineffective for failing to file a motion to suppress an unduly suggestive pretrial identification of the Petitioner. When a petitioner asserts ineffective assistance of counsel based upon the failure to pursue a suppression motion, proof of the merit of the underlying suppression claim is necessary to demonstrate ineffective assistance. *Commonwealth v. Watley*, 152 A.3d 1034, 1044 (Pa. Super. 2016) (*citing Commonwealth v. Metzger*, 441 A.2d 1225, 1228 (Pa Super. 1981)).

The Petitioner fails to provide legal or factual justification to support his claim. While the Petitioner avers that a pretrial identification was obtained by unnecessarily suggestive procedures, he fails to describe what procedures were employed, which witnesses made an identification, or how he was prejudiced. Further, the Petitioner fails to cite any relevant case law to support his claim.

4

The record indicates that, after the shooting, police officers provided eyewitness Antoniette Gray a photo array which she used to pick out a photo of the Petitioner, who she identified as "Doughnut." N.T. 7/10/2012 at 148. Although Gray recanted her statement at trial, during the preliminary hearing in this matter, Gray testified that she did in fact identify the Petitioner from the array. The Petitioner fails to aver that the array was in any way defective or that Gray's identification was somehow tainted. The Petitioner fails to demonstrate that trial counsel had a basis to file a motion to suppress.

The Petitioner contends that trial counsel was ineffective for failing to call eyewitness Sonis Cooper at trial. Where a petitioner requests an evidentiary hearing, the petition shall include a signed certification as to each intended witness stating the witness' name, address, date of birth, and substance of the testimony. 42 Pa.C.S. § 9545(d)(1). Failure to substantiality comply with the certification requirement shall render the proposed witness' testimony inadmissible. *Id.*

The Petitioner believes that, had Cooper been called at trial, she would have provided a description of the perpetrators that does not match the Petitioner, thereby establishing reasonable doubt. The Petitioner readily admits that he does not possess any documentation, such as an affidavit or certification, to support his assertion. Absent a certification, Cooper's proposed testimony is inadmissible hearsay.[2] The Petitioner fails to meet his burden of proof with respect to this claim.

The Petitioner's final two claims concern trial counsel's failure to request jury instructions. First, the Petitioner alleges that trial counsel was ineffective for failing to request an instruction directing the jury to view eyewitnesses Gray and Eleanor Sampson with caution due to their

---

[2] On August 1, 2017, this Court granted the Petitioner's continuance request filed July 28, 2017, providing him with an additional sixty days to review the matter and secure certifications. On November 30, 2017, this Court continued the matter to December 14, 2017 for the Petitioner to secure a certification. On December 14, 2017, the Petitioner, through counsel, indicated that he was unable to secure a certification.

5

intoxication at the time of the shooting. The Petitioner also claims that trial counsel was ineffective for failing to request an instruction directing the jury to consider the credibility of Gray's and Gould's testimony based on their prior arrests.

The Petitioner's claim fails on each part, as Judge Temin provided adequate instructions directing the jury to consider the witnesses credibility:

> You must consider and weigh the testimony of each witness and give it the weight that in your judgment it is fairly entitled to receive.
>
> The credibility of a witness, that is, whether or not a witness's testimony is believable and accurate in whole or in part, is solely for your determination, but once again I'm going to mention some of the factors that go into making up that decision.
>
> You should consider whether a witness has any interest in the outcome of the case or has a friendship for or animosity towards somebody else concerned in the case.
>
> You should consider the behavior of the witness on the witness stand, what we call the witness's demeanor, the witness's manner of testifying, and whether the witness shows any bias or prejudice that might color his or her testimony.
>
> You should consider the accuracy of a witness's memory and recollection as well as the witness's ability to observe or to learn about the things that the witness is testifying to.
>
> You should also consider the reasonableness or unreasonableness of a witness's testimony as well as its consistency or inconsistency in light of other evidence in the case.
>
> Now, if you decide that someone has testified falsely and did so intentionally about any fact that is an issue before you, then if you wish, you can disregard everything that that witness said.
>
> But you don't have to for this reason. You may find that a witness testified falsely and intentionally about part of their testimony, but truthfully and accurately about other things.
>
> And if that's the situation that you find, you can accept that part of the testimony that you find to be truthful and accurate and just disregard the part that you find to be intentionally false.
>
> . . .
>
> Now, you also heard that Mr. Gould had a prior conviction for which he was on parole and then had violated his parole and was serving time in prison as a result of that.
>
> The only purpose for which you may consider this evidence of a prior conviction is in deciding whether or not to believe all or part of the witness's testimony.

6

> In doing so, you should consider the type of crime committed, how long ago it was committed, and how likely it is to affect the credibility of the testimony of the witness.
>
> You also heard that Mr. Gould was working for the ATF as an informant, and you heard that Ms. Gray, Ms. Antoinette Gray, had open bench warrants for which she was never held in custody by police in connection with anything she did in this case.
>
> You may consider those pieces of evidence in order to consider whether or not you think that any testimony given by those witnesses was given in order to curry favor with the District Attorney's Office.

N.T. 7/13/2012 at 123–125, 132–133. Judge Temin's instructions clearly and unequivocally direct the jury to consider Gould's status as an informant for the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Judge Temin further instructed the jury to consider that Gray had open bench warrants. The Petitioner's claim is not based on material fact, as he already received the instruction he contends was denied to him. Judge Temin further instructed the jury to consider the accuracy of the witnesses' memory and their ability to observe. Such consideration includes whether the witnesses' were intoxicated or otherwise impaired from forming an accurate recollection of their observations. Because of this, the Petitioner fails to show prejudice, and his claims must fail.

For the foregoing reasons, the petition is hereby DISMISSED. The Petitioner is hereby notified that he has thirty (30) days from the date of this Order and Opinion to file an appeal with the Superior Court.

BY THE COURT

_____
Barbara A. McDermott, J.

7

**Commonwealth v. Mikechel Brooker, CP-51-CR-0006874-2009**

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

> Philadelphia District Attorney's Office
> Three South Penn Square
> Philadelphia, PA 19107
> Attn: Tracey Kavanagh, Esquire

**Type of Service:**      **DA's Courthouse Assigned Box**

> David S. Rudenstein, Esq.
> 9411 Evans Street
> Philadelphia, PA 19115

**Type of Service:**      **First Class Mail**

> Mikechel Brooker
> KV 2780
> SCI Forest
> P.O. Box 945
> 286 Woodland Drive
> Marienville, PA 16239

**Type of Service:**      **Certified Mail**

Dated: March 8, 2018

_____
Joseph R. Duffy, Esq.
Law Clerk to the
Honorable Barbara A. McDermott