J-S30006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THEODORE JACKSON | : | |
| | : | |
| Appellant | : | No. 806 EDA 2021 |

Appeal from the PCRA Order Entered March 31, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at No  CP-23-CR-0006588-2018

BEFORE:   STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 9, 2022**

Appellant, Theodore Jackson, appeals from the order entered on April 1, 2021 in the Court of Common Pleas of Delaware County, denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant claims trial counsel ineffectiveness for failure to file a motion to suppress and argues his guilty plea was not knowingly and intelligently entered.  Upon review, we affirm.

The record reflects that on July 10, 2019, after a jury was empaneled but before his trial began, Appellant entered into an open guilty plea to one count each of possession of a controlled substance (methyl fentanyl), possession with intent to deliver ("PWID") (methyl fentanyl), possession of

_____

[*] Retired Senior Judge assigned to the Superior Court.

drug paraphernalia, and criminal use of a communication facility ("CUCF").[1] Following an on-the-record colloquy, the trial court imposed a sentence of five to 14 years in a state correctional institution for possession of a controlled substance, a consecutive term of two years' probation for PWID, and concurrent terms of probation of one and two years respectively for the remaining counts. Appellant did not file post-sentence motions or a direct appeal.

On August 3, 2020, Appellant *pro se* filed a timely first PCRA petition. On August 10, 2020, counsel was appointed with instruction to file an amended petition or a "no-merit" letter, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

On December 21, 2020, counsel filed a **Finley** no-merit letter and an application to withdraw as counsel. Appellant filed a 17-page letter in response on or about February 3, 2021.

On March 10, 2021, the PCRA court issued a notice of its intent to dismiss Appellant's petition in accordance with Pa.R.Crim.P. 907. The court dismissed the petition by order entered on April 1, 2021. This timely appeal followed. The PCRA court did not order Appellant to file a statement of errors

---

[1] 35 P.S. §§ 780-113(a)(16), 780-113(a)(30), 780-113(a)(32), and 18 Pa.C.S.A. § 7512(a), respectively. The remaining charges against Appellant were dismissed pursuant to the plea agreement. **See** Notes of Testimony, 7/10/19, at 5.

complained of on appeal pursuant to Pa.R.A.P. 1925 but did issue an opinion on November 16, 2021, setting forth its reasons for dismissing the petition.[2]

In his brief, Appellant lists five issues, which we repeat here verbatim, as follows:

> (1) Did the PCRA commit error when it didnt address any of the Appellants issues stated in his PCRA?
>
> (2) Did the PCRA commit error dismissing Appellants PCRA without a evidentiary hearing on the material facts?
>
> (3) Can a petitioner plead guilty to a crime there is no evidence for?
>
> (4) IS the PCRA courts decions free of error and based on fact supported by the record?
>
> (5) Is counsel ineffective for not filing a motion to suppress when ask by defendant and constitutionally void on its face?

Appellant's Brief at 3.

We first note that Appellant's brief does not conform to the Pennsylvania Rules of Appellate Procedure, and in particular, Pa.R.A.P. 2119(a). While we recognize that Appellant is *pro se*, that does not excuse him from compliance.

---

[2] In its brief, the Commonwealth acknowledged, "As [Appellant] notes, the PCRA court's opinion makes some significant mistakes" concerning the date and terms of Appellant's guilty plea. Commonwealth Brief at 1 n.1. In addition, the opinion—after repeating verbatim the language included in the Rule 907 Notice, includes a paragraph (PCRA Court Opinion, 11/16/21, at 3 ¶ 1), which is unrelated to Appellant's case and appears to have been mistakenly cut and pasted from another document. Despite the careless drafting errors, the opinion explains the basis for the court's order dismissing Appellant's petition. And, as the Commonwealth recognizes, Appellant "is appealing from the PCRA court's dismissal order, not the opinion drafted months later." Commonwealth Brief at 1 n.1.

As this Court observed in **Commonwealth v. Lyons**, 833 A.2d 245 (Pa. Super. 2003),

> [A]though this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. For example,
>
> > The argument [section] shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.
>
> Pa.R.A.P. 2119(a).

*Id.* at 251-52 (citations omitted).

As reflected above, Appellant has set forth five questions to be argued. However, in the argument section of his brief, he provides the following two headings:

> A. The PCRA court erred when it stated trial counsel was not ineffective.
>
> B. The PCRA court erred when it stated [Appellant's] open plea was not [*sic*] knowing and intelligent.

Appellant's Brief at 8, 9-10.  Construing Appellant's *pro se* brief liberally, we will address his argument in the interest of justice, analyzing the arguments raised under those two headings.[3]

On appeal from the denial of a PCRA petition, we "examin[e] whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error."  ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012) (citation omitted).  "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding."  ***Id.***

With respect to claims of ineffective counsel, our Supreme Court has stated:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper***, 596 Pa. 119, 941 A.2d 655, 664 (2007).  To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on

---

[3] We note that Appellant identified the lack of an evidentiary hearing among his statement of questions.  However, he did not develop the issue in the argument section of his brief.  Therefore, the issue is waived. ***Commonwealth v. Phillips***, 141 A.3d 512, 522 (Pa. Super. 2016) ("issues raised in a Brief's Statement of Questions Involved but not developed in the Brief's argument section will be deemed waived").

appeal. *See Commonwealth v. Natividad*, 595 Pa. 188, 938 A.2d 310, 322 (2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the ***Pierce***[4] elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper***, 941 A.2d at 664.

***Commonwealth v. Wholaver***, 177 A.3d 136, 144 (Pa. 2018).

Appellant first argues that the PCRA court erred when it stated counsel was not effective. Appellant's Brief at 8. While not specifically phrased in terms of counsel's failure to file a motion to suppress, we read his argument to be claim of error in that respect, recognizing that Appellant claimed ineffectiveness for failure to file a suppression motion in his statement of questions.[5]

In ***Commonwealth v. Watley***, 153 A.3d 1034 (Pa. Super. 2016), this Court reiterated:

> This Court has previously found that "[t]he failure to file a suppression motion under some circumstances may be evidence of ineffective assistance of counsel." ***Commonwealth v. Metzger***, 295 Pa. Super. 267, 441 A.2d 1225, 1228 (1981); ***see also Commonwealth v. Ransome***, 485 Pa. 490, 402 A.2d 1379,

---

[4] ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001) (reiterating the well-settled elements of the ineffectiveness test, as rephrased in ***Cooper*** and quoted in this excerpt from ***Wholaver***).

[5] In its brief, the Commonwealth similarly read Appellant's issue as one involving the motion to suppress, as reflected in its counter-statement of questions involved as follows:
1. Was trial counsel ineffective for failing to file a motion to suppress the contraband recovered by police where [Appellant's] proposed suppression claim went to the weight of the evidence, not its admissibility?
Commonwealth Brief at 1.

1381[-82] (1979). "However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move." **Metzger**, 441 A.2d at 1228. "[T]he defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." **Commonwealth v. Melson**, 383 Pa. Super. 139, 556 A.2d 836, 839 (1989).

**Id.** at 1044.

As the Commonwealth recognizes,

"The point of a motion to suppress physical evidence" is to exclude evidence that was acquired in a way that violated the defendant's constitutional rights. **Commonwealth v. Millner**, 888 A.2d 680, 693 (Pa. 2005). The strength of the evidence is immaterial; "the focus is upon the manner of acquisition, and how that manner of acquisition implicated the defendant's constitutional rights." **Id.**

Commonwealth Brief at 8.

Appellant acknowledges that constitutional rights must be implicated, stating, "Where a defendant claims a guilty plea was unlawfully induced by counsel[']s failure to seek suppression of illegally obtained incriminating evidence the defendant must establish there was a constitutional basis to challenge the incriminating evidence." Appellant's Brief at 8 (citing **Commonwealth v. Nelson**, 574 A.2d 1107 (Pa. Super. 1990)). However, Appellant does not advance any cognizable argument with respect to any violation of constitutional rights.[6]

_____

[6] In his no-merit letter, counsel addressed the issue of constitutional rights, noting, "With regard to possible alleged violations of the law and Constitutions of Pennsylvania and the United States, my investigation reveals no facts

*(Footnote Continued Next Page)*

As the Commonwealth observes, Appellant's suppression argument focuses not on the manner of acquisition, but rather on his assertions that he did not own or have possessory interest in the apartment where the drugs were located, that the phone forming the basis of the CUCF offense was not in his name, and that the drugs and paraphernalia did not belong to him. Because these issues are questions of possession for the jury, and not a constitutional basis supporting a suppression motion, Appellant cannot demonstrate that counsel lacked a reasonable bases for not filing a motion to suppress. Again, failure to prove any prong of the **Pierce** test defeats an ineffectiveness claim, **Wholaver**, 177 A.3d at 144. Appellant's first issue fails.[7]

In his second issue, Appellant argues that his guilty plea was not knowing and intelligent. The PCRA court addressed this contention, stating:

> Allegations of ineffectiveness in connection with a guilty plea do not warrant relief unless counsel's ineffectiveness caused an involuntary, unknowing, or unintelligent plea. [**Commonwealth v. Escobar**, 70 A.3d 838, 841 (Pa. Super. 2013)] (citation

---

sufficient to prove a violation of any right of [Appellant] under the Pennsylvania and/or United States Constitution." **Finley** No-Merit Letter, 12/21/20, at 6. In his response, Appellant suggested that the search warrant was based on hearsay and was unconstitutional. Response to No-Merit Letter, 2/3/21, at 1. However, the Commonwealth correctly notes that "this Court has explicitly stated that hearsay may be 'sufficient to form the basis of a search warrant.'" Commonwealth Brief at 8 (quoting **Commonwealth v. Harlan**, 208 A.3d 497, 506 (Pa. Super. 2019)).

[7] While Appellant also claims the PCRA court's decision is unsupported by the record—citing the drafting errors in the court's November 10, 2021 opinion, we have discounted those errors, attributing them to carelessness. **See** n. 2.

omitted). Where the defendant enters a plea on counsel's advice, the voluntary and knowing nature of that plea turns on whether counsel's advice fell within the range of competence demanded of attorneys in criminal cases. *Id.* In order for the withdrawal of a guilty plea under post conviction relief, the defendant's plea must be unlawfully induced and the defendant is innocent of the charges. *See* 42 Pa.C.S.A. § 9543(a)(2)(iii).

A person "who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the pleas which contradict the statements he made at his plea colloquy." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Both trial counsel and this court conducted a thorough and detailed colloquy of [Appellant] at the open guilty plea hearing and the record shows [Appellant's] willing intentions to enter an open plea. The record indicates that [Appellant] understood the ramifications of accepting the guilty plea and waived all of his trial rights and possible defenses. These guidelines were also supplied to [Appellant] so he could make a knowing and intelligent plea. Ultimately, this court accepted [Appellant's] plea as both knowing and intelligent. There is nothing to indicate that [Appellant's open plea was not knowing and intelligent nor that his court or trial counsel failed to provide a detailed colloquy to [Appellant].

PCRA Court Opinion, 11/10/21, at 2-3 (reference to notes of testimony and some capitalization omitted).

Based on our review of the record, including the written colloquy and the transcript of the guilty plea hearing, which included an on-the-record colloquy, we find the PCRA court's findings of fact, viewed in the light most favorable to the Commonwealth, are supported by the record and that its conclusions of law are free from legal error. Appellant's claim that his guilty plea was not knowingly or intelligently made is refuted by the record, in the

written guilty plea colloquy, and in the answers he provided during his oral guilty plea colloquy with the trial court. Appellant's second issue fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2022