J-S18034-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| REGGIE WILLIAMS-SMITH | : | |
| | : | |
| Appellant | : | No. 1388 EDA 2022 |

Appeal from the PCRA Order Entered April 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001879-2016

BEFORE: PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 14, 2023**

Appellant, Reggie Williams-Smith, appeals from the order entered by the Court of Common Pleas of Philadelphia County dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9545, and granting appointed counsel's motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Herein, he presents a layered claim of ineffective assistance of both trial and PCRA counsel centered on trial counsel's decision to forego seeking the suppression of evidence obtained from a cell phone retrieved from the crime scene. After careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant's 2017 convictions for Aggravated Assault,[1] Simple Assault,[2] Firearms Not to Be Carried Without a License,[3] Carrying a Firearm without a License, Carrying a Firearm on Public Streets or Public Property in Philadelphia,[4] Possessing Instruments of Crime,[5] and Persons Not to Possess a Firearm[6] stem from evidence that on December 23, 2015, at approximately 7:30 pm, he assaulted his victims, Craig and Isabel Lugo, in Philadelphia as they and their son were attempting to enter their car after visiting a friend's house. During the encounter in which Appellant held a gun to Isabel Lugo's head and shot Craig Lugo in the side when he attempted to aid his wife, the Lugos saw Appellant's face and recovered a cell phone lying on the ground where Appellant had been before he fled the scene. N.T., 11/30/16, at 44-51, 55-56.

Investigators from the Philadelphia Police Department learned from its initial interview of the Lugos on the night of the incident that they recovered a cell phone from the scene after Appellant fled. N.T., 12/2/16, at 58, 118. Mrs. Lugo gave the phone to the police, who, after a failed attempt to retrieve fingerprints from the phone's exterior, prepared an application for a search warrant for the phone's phone number, photos, incoming and outcoming call logs, contact lists, Facebook, Instagram, text messages, and any other

---

[1] 18 Pa.C.S.A. § 2702(a)(1).
[2] 18 Pa.C.S.A. § 2701(a).
[3] 18 Pa.C.S.A. § 6106(a)(1).
[4] 18 Pa.C.S.A. § 6108.
[5] 18 Pa.C.S.A. § 907(a).
[6] 18 Pa.C.S.A. § 6105.

relevant information regarding the phone. After the application was approved by the District Attorney's Office, they submitted to a judge. N.T. at 59-62, 75-76, 90-91.

Six days after the incident, the warrant was obtained and police charged the phone and saw that the home screen displayed a picture of Appellant. No further information was accessible, however, as the phone was locked and password protected. N.T. at 129-132; 167-68. They secured a second warrant for subscriber information and learned that the phone was registered to one Brandi Maye. N.T. at 107-108, 110. Thereafter, they contacted Appellant's probation officer at the time, who confirmed that the phone number he had on file for Appellant matched the number of the cell phone in police possession and that Appellant resided at the same residence as Brandi Maye. N.T. 12/2/16 at 145-46.

Once the Lugos identified Appellant from a photo array[7] and police ascertained that the phone belonged to Appellant, he was arrested. A search of Appellant's person incident to his arrest recovered from his pants pocket a cell phone displaying the same screen saver photo as was depicted on the phone recovered at the crime scene. N.T. at 136. On December 6, 2016, a jury trial concluded with a verdict of guilty on each of the above-listed offenses with the exception of the Persons Not to Possess charge, which was tried in

---

[7] Four days after the assault, police developed two sets of photo arrays and showed one to Craig Lugo and the other to Isabel Lugo. Each independently identified Appellant as their assailant. N.T. at 63-66, 122-125.

a separate, non-jury trial in which he was found guilty. On February 13, 2017, the trial court imposed an aggregate sentence of 17 to 34 years' incarceration.

The trial court denied Appellant's post-trial motions challenging the weight of the evidence and both the discretionary aspects and the legality of his sentence. On direct appeal, this Court affirmed judgment of sentence by its memorandum decision of February 28, 2019. *See Commonwealth v. Williams-Smith*, No. 953 EDA 2017, 2019 WL 994166 (non-precedential decision) (Pa. Super. 2017). On July 26, 2019, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal.

On June 9, 2020, Appellant filed a timely, *pro se* PCRA petition in which he alleged ineffective assistance of counsel. The PCRA court appointed counsel, who, on December 21, 2021, filed a *Turner/Finley* no-merit letter. After conducting an independent review of Appellant's *pro se* petition, counsel's no-merit letter, and the record, the PCRA court provided Appellant with its January 19, 2022, Pa.R.Crim.P. 907 twenty-day notice of its intent to dismiss the petition without a hearing. The record establishes that Appellant filed a January 31, 2022, request for a 90-day extension of time in which to amend his PCRA petition and file objections to counsel's no-merit letter and the court's notice to dismiss. On April 22, 2022, the PCRA court dismissed Appellant's petition pursuant to Rule 907.

On May 12, 2022, Appellant filed this timely appeal,[8] in which he raises the following issues for this Court's consideration:

I. Whether Trial Counsel was ineffective for failing to file a motion to suppress evidence obtained from the cell phone as the initial search was conducted without a warrant?

II. Whether PCRA Counsel was ineffective for failing to raise in the initial collateral review petition that Trial Counsel was ineffective for failing to file a motion to suppress the evidence obtained from the cell phone as the initial search was conducted without a warrant?

Brief for Appellant at 1.

We begin by recognizing that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)).

---

[8] Our review of the record reveals that the PCRA court erroneously appointed counsel to represent Appellant in the present appeal, only to agree with appointed counsel soon thereafter that Appellant no longer held a right to appointed counsel because the PCRA court had granted prior appointed PCRA counsel's *Turner/Finley* motion to withdraw. It is likewise apparent, however, that the PCRA court lacked jurisdiction to either appoint PCRA appellate counsel or grant appointed appellate counsel's *Turner/Finley* motion to withdraw. Nevertheless, because Appellant filed a timely, *pro se* appeal to this Court and the present matter is ripe for our consideration after both Appellant, acting *pro se*, and the Commonwealth have filed their respective briefs without complaint about the inconsequential, if erroneous, post-appeal appointment and dismissal of appellate counsel, we shall proceed as if what should have been done procedurally with respect to Appellant's *pro se* appeal was, in fact done.

Appellant's two issues, taken together, present a layered claim that PCRA counsel rendered ineffective assistance of counsel by failing to raise in an amended PCRA petition an ineffectiveness claim against trial counsel for having failed to seek the suppression of evidence obtained from a search of the cell phone recovered from the scene of the crime. Regarding layered claims of ineffective assistance of counsel, this Court has explained:

> Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney.
>
> Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations omitted and formatting altered).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

In the context of a suppression motion,

[t]his Court has previously found that "[t]he failure to file a suppression motion under some circumstances may be evidence of ineffective assistance of counsel." ***Commonwealth v. Metzger***, 441 A.2d 1225, 1228 ([Pa. Super.] 1981); ***see also Commonwealth v. Ransome***, 402 A.2d 1379, 1381 ([Pa.] 1979). "However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move." ***Metzger***, 441 A.2d at 1228. "[T]he defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." ***Commonwealth v. Melson***, 556 A.2d 836, 839 ([Pa. Super.] 1989).

***Commonwealth v. Watley***, 153 A.3d 1034, 1044 (Pa. Super. 2016) (parallel citations omitted).

In Appellant's *pro se* brief, he asserts that trial counsel ineffectively failed to seek suppression of information obtained from the cell phone because police investigators conducted an unlawful warrantless search of the phone prior to obtaining a warrant. Specifically, Appellant contends that prior to obtaining a search warrant police investigators powered on the cell phone and saw displayed on the home screen a picture of Appellant. He points to the following trial testimony as evidentiary support for his claim:

Q. [Prosecutor]     Did you and Detective Slobadian go down to police radio?

A. [Detective Miles]     Yes.

Q.     Did you make a call to 911?

A.     Yes.

Q.  And were you able to get the phone number of (267) 324-2926?

A.  Yes.

Q.  Now, you found out this iPhone was locked?

A.  Right.

Q.  You had an opportunity to look at the iPhone and see that it was locked?

A.  Yes.  When I plugged it in to charge it up, the screen lights up.  I could tell it was locked.  I could see a photo, and I could tell the screen was locked. . . .

Q.  As a result of that password protection, were you able to, or any agency you contacted within the police department, able to get at the contents of that phone?

A.  No.

Q.  Did you ever reach out to Apple to see whether or not you would have some way of accessing the phone?

A.  Yes.  Detective Slobadian sent them an email.  We received an email back just saying that we may need a subpoena, but we were never able to get anything from the phone.

Q.  To this day, is it still password protected?

A.  Yes.

Q.  There is a photo that appears on that particular phone, is there not?

A.  Yes.

Q.  We'll get back to that in a minute.  Now you have, on 12/29, written up, either yourself or your colleagues, several search warrants for you to get the contents of the phone and to get any subscriber information that you could possibly get?

A.  Yes.

N.T., 12/2/16, at 129-132.

The Commonwealth posits that Detective Miles' direct testimony was referring only to the timeframe after police had obtained the warrant to search the cell phone, and it maintains that "there is no evidence . . . that the phone was even turned on until after a valid warrant was obtained." Brief of Appellee, at 6.

At the time of the proceedings in question, the United States Supreme Court in **Riley v. California and United States v. Wurie**, 573 U.S. 373, 134 S.Ct. 2473, 189 L.Ed.2d 430 (2014) ("**Riley**") had held that in the absence of an applicable exception, any search of a cell phone requires a warrant. In **Commonwealth v. Fulton**, 179 A.3d 475, 487 (Pa. 2018), the Pennsylvania Supreme Court explained the broad protection in **Riley** was necessary "because, like one's home, an individual's expectation of privacy is in the cell phone itself, not in each and every piece of information stored therein." In concluding a warrantless search of a cell phone occurred when police powered on a phone, the **Fulton** Court reasoned:

> Turning on the phone exposed to view portions of the phone that were previously concealed and not otherwise authorized by a warrant or an exception to the warrant requirement. Powering on the phone is akin to opening the door to a home. It permitted police to obtain and review a host of information on the cell phone, including viewing its wallpaper, reviewing incoming text messages and calls, and accessing all of the data contained in the phone.

**Id.** at 488.

Our review of the record, however, supports the Commonwealth's position that the evidence adduced at trial established that the only search of the cell phone occurring prior to the issuance of a warrant was a search for fingerprints on the phone's exterior. The excerpt of testimony on which Appellant relies appears only to catalogue the several searches the investigators had taken after the warrant had been issued, and the portion recounting how a representative from Apple gave the general advice that a subpoena may be required for a search of a cell phone's contents does not lend insight into when the conversation took place.

As described, the Commonwealth set forth ample evidence at trial that police investigators had obtained a warrant prior to conducting any search of the phone. The excerpt in question aligns with this evidence, and the reference to a third party's statement regarding a subpoena does not, standing alone, confer merit to the present claim. Accordingly, we find Appellant fails to establish the arguable merit prong of his claim that trial counsel rendered ineffective assistance. Having thus found trial counsel effective, if follows that Appellant's derivative claim regarding PCRA counsel likewise fails. **See Rykard**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/14/2023</u>