J-S26037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER JAMES SOROKAPUT | : | |
| | : | |
| Appellant | : | No. 583 MDA 2022 |

Appeal from the PCRA Order Entered March 23, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000645-2019

BEFORE: KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: AUGUST 16, 2022**

Appellant Peter James Sorokaput appeals from the Order entered in the Court of Common Pleas of Schuylkill County on March 23, 2022, denying his timely, first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Following our review, we affirm.

A prior panel of this Court briefly summarized the relevant facts and procedural history herein as follows:

> The facts and procedural history of this case are undisputed. Briefly, on November 21, 2019, Appellant pleaded guilty to three counts of rape of a child, two counts of aggravated indecent assault, two counts of incest of minor under the age of 13 years, two counts of corruption of minors, two counts of endangering the welfare of children, two counts of indecent assault, and four counts of indecent exposure.[1] On December 13, 2019, the trial court sentenced Appellant to an aggregate term of 30 to 60 years' imprisonment. Appellant did not file any post-sentence motion.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

Instead, he timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising a single assertion of error whereby he challenged only the discretionary aspects of sentencing. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.[2]

_____
[1] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 4302(b)(1), 6301(a)(1)(ii), 4304(a)(1), 3126(a)(7), and 3127(a), respectively.

***Commonwealth v. Sorokaput***, 241 A.3d 421 (Pa.Super. 2020), *reargument denied* (Dec. 17, 2020), *appeal denied*, 252 A.3d 1077 (Pa. 2021), *cert. denied*, ***Sorokaput v. Pennsylvania***, 142 S. Ct. 172, 211 L. Ed. 2d 68 (Oct. 4, 2021).

Finding Appellant had waived his challenges to the discretionary aspects of his sentence and to the voluntariness of his guilty plea, this Court affirmed Appellant's judgment of sentence on October 14, 2020.[3] ***See id***. On October 21, 2020, Appellant's counsel filed an Application for Reargument with this Court which was denied on December 17, 2020. Appellant filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, and the Court denied the same on April 21, 2021. The United States Supreme Court denied Appellant's writ of certiorari on October 4, 2021.

_____

[2] The victims of Appellant's sexual abuse were his daughters who were ages four (4) and six (6), at the time.
[3] We found the sentencing issue waived as it had not been raised during the sentencing hearing or in a timely post-sentence motion to modify Appellant's sentence. We deemed the challenge to the voluntary nature of Appellant's guilty plea waived due to Appellant's failure to include it in his Rule 1925(b) Statement. ***See*** Pa. R.A.P.1925(b)(vii).

Prior to the resolution of his direct appeal, Appellant filed numerous *pro se* motions including a Motion for Leave to File Post Sentence Motion Nunc Pro Tunc which the trial court treated as a request for post-conviction relief. Counsel was appointed and ultimately filed a motion to withdraw on January 27, 2021. Thereafter, on February 5, 2021, Appellant filed a *pro se* Motion for Post Conviction Collateral Relief. On December 1, 2021, the trial court reinstated Appellant's PCRA Petition and re-appointed PCRA counsel. On December 17, 2021, PCRA counsel filed an Amended PCRA Petition wherein he raised various claims of ineffective assistance of trial counsel.

A PCRA hearing was held on February 24, 2022, at which time trial counsel testified, and Appellant presented testimony on his own behalf. Following the hearing, the PCRA court denied Appellant's petition on March 23, 2022.

Appellant filed a timely appeal on April 19, 2022, and both he and the trial court have complied with Pa.R.A.P. 1925.

In his brief, Appellant presents the following issues for our review:

1. Whether the [PCRA] court erred by failing to find trial counsel ineffective for advising the Defendant/Appellant to enter a general plea to all of the charges and not explaining the implications of doing so?

2. Whether [the PCRA] court erred by failing to find trial counsel ineffective for failing to file a motion to suppress Defendant/Appellant's verbal and written confessions which were obtained in violation of Defendant/Appellant's rights?

3. Whether [the PCRA] court erred by failing to find trial counsel ineffective for failing to file a post-sentence motion

to modify sentence after being requested to do so by the Defendant/Appellant?

Brief for Appellant at 3.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Counsel is presumed to be effective. ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020*), appeal denied*, 242 A.3d 908 (Pa. 2020). To establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa.Super. 2007) (citation omitted). The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a

reasonable probability that the outcome of the proceedings would have been

different." ***Id.*** (citation omitted). We have explained that:

> [a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief. ***See Commonwealth v. Jones***, 583 Pa. 130, 876 A.2d 380, 385 ( [Pa.] 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim ..., he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Stewart***, 84 A.3d 701, 707 (Pa.Super. 2013) (some

internal quotations and citations omitted).

> "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." ***Commonwealth v. Paddy***, 609 Pa. 272, 15 A.3d 431, 443 (2011). Moreover, "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 600 Pa. 1, 963 A.2d 409, 419 (2009) (citation omitted).

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1044 (Pa.Super. 2019),

*appeal denied*, 654 Pa. 568 (Pa. 2019).

Herein, Appellant initially asserts that due to the coercive nature of his interview with police on February 21, 2019, trial counsel had no reasonable basis for failing to file a motion to suppress his verbal and written confessions. Appellant reasons that the Commonwealth's case hinged on those confessions, and due to the absence of physical evidence of the alleged sexual assault of the minor victims, it is unlikely any charges would have been filed had Appellant not confessed. Appellant posits the even if charges had been brought against him without his confessions, his likelihood of obtaining a not guilty verdict would have been greatly increased. Brief for Appellant at 13-14.

With regard to the second issue he presents on appeal, Appellant's entire argument is as follows:

> Trial counsel in this case was of the opinion that the Commonwealth had a very strong case and advised [Appellant] to enter into a general plea of guilt to all of the charges pending against him. ( PCRA T. pg. 10) It is inexplicable why counsel would advise his client to enter into a plea of guilt to all of the pending charges and forego a trial. The worse [sic] case scenario by proceeding to trial would be to be found guilty to all the charges. By advising [Appellant] to forego a trial, it relieved the Commonwealth of proving each and every element of each and every charge beyond a reasonable doubt. It also negated the possibility of being acquitted on at least some of the charges. There is no reasonable basis for trial counsel to advise [Appellant] to forego his right to a trial and simply enter a plea of guilt to all of the charges in this matter.

Brief for Appellant at 16.

In support of his third claim, Appellant avers trial counsel failed to file a timely post-sentence motion to modify his sentence after Appellant directed

- 6 -

counsel to do so. While Appellant admits counsel filed a timely direct appeal with this Court, he stresses that we found the challenges he presented therein to be waived and baldly concludes this Court should find that trial counsel had been ineffective in light of his inaction. *Id*. at 17-18.

After a thorough review of the certified record, the hearing transcripts, the applicable law, and the comprehensive and well-reasoned Opinion of the Honorable Christopher W. Hobbs we conclude there is no merit to Appellant's claims. Accordingly, we affirm on the basis of the PCRA court's March 23, 2022, Opinion. *See* PCRA Court Opinion, 3/23/22, at 1-10 (concluding (1) there was no evidence in the record to support Appellant's bald allegations that he had been coerced to enter a general guilty plea, and his Written Guilty Plea form belied those contentions; (2) the transcript of the Sentencing Hearing corroborates trial counsel's testimony that he sought a concurrent sentence rather than a consecutive sentence and disproves Appellant's contention he did not know the difference between those two sentencing schemes; (3) there were no meritorious grounds upon which trial counsel could have filed a suppression motion because Appellant never articulated any credible reason either to counsel or to the trial court as to why he felt pressured to plead guilty; (4) Appellant never instructed trial counsel to file a motion to modify his sentence, but instead stated he wanted to file an appeal; even if Appellant expressed a desire to file a motion to modify his

sentence, such motion would "have little to no chance of success given the horrendous accusations to which [Appellant] had just plead guilty.").

The parties are instructed to attach a copy of the PCRA court's March 23, 2022, Opinion to all future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2022

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY--CRIMINAL

COMMONWEALTH OF PENNSYLVANIA      :      NO.    CR-645-2019

                    vs.               :

PETER SOROKAPUT, #QA5443        :

                Defendant      :

Michael J. Stine, Esquire – for the Commonwealth
James G. Conville, Esquire – for the Defendant

### OPINION OF COURT

HOBBS, J.

The matter before the Court is Defendant's Request for Relief filed pursuant to the Pennsylvania Post-Conviction Collateral Relief Act. A hearing was held on February 24, 2022 and the matter is now ripe for final disposition.

### FACTUAL BACKGROUND

On February 21, 2019 Officer James Bonner of the Coaldale Police Department received a report from Childline and Schuylkill County Children and Youth Services alleging the Defendant had sexually assaulted his six (6) and four (4) year old daughters. After initiating an interview at the victims' home, Officer Bonner was informed that the Defendant knew of the allegations and was a possible flight risk. Officer Bonner was able to track the Defendant down in Lansford, Carbon County, when he asked the Defendant to come to the Coaldale Police Department Station to be interviewed. The Defendant agreed to be interviewed and was read his Miranda Warning at the police station. The Defendant initialed and signed a Miranda Warning after which he provided a voluntary written statement admitting to sexually assaulting both of his daughters.

On February 21, 2019, Officer Bonner charged the Defendant with numerous counts of sexual assault. The Defendant applied for and was afforded counsel through the Schuylkill County Public Defender's Office. With the assistance and advice of counsel, the Defendant waived his right to a preliminary hearing and a formal information was filed on May 13, 2019, charging the Defendant with three (3) counts of rape of a child,[1] two (2) counts of aggravated indecent assault of a child,[2] two (2) counts of incest,[3] two (2) counts of corruption of minors,[4] two (2) counts of endangering welfare of a child,[5] two (2) counts of indecent assault,[6] and four (4) counts of indecent exposure.[7] The charges were based on a course of conduct alleged against the Defendant for assaulting two separate victims, namely, his six (6) and four (4) year old daughters.

On November 21, 2019, the Defendant appeared before the Honorable William E. Baldwin, retired President Judge of the Court of Common Pleas of Schuylkill County, and pleaded guilty generally to all charges. Prior to the general plea hearing, the Defendant signed and initialed numerous documents including but not limited to a Memorandum of Plea Agreement, Registration Notification pursuant to 42 Pa. C.S.A. §9799.23, a Waiver of Requirements under 42 Pa. C.S.A. §9799.24 and Request to be Sentenced, and Guilty Plea Certification. Judge Baldwin issued the Defendant a standard colloquy to confirm that the Defendant understood all consequences of the general guilty plea and that he was doing such knowingly, voluntarily, and intelligently. Further, Judge Baldwin thoroughly reviewed the maximum possible sentences and fines on each count and confirmed that all of Defendant's questions were satisfactorily answered by his attorney. Judge Baldwin

---

[1] 18 Pa. C.S. §3121(c).
[2] 18 Pa. C.S. §3125(b).
[3] 18 Pa. C.S. §4302(b)(1).
[4] 18 Pa. C.S. §6301(a)(1)(ii).
[5] 18 Pa. C.S. §4304(a)(1).
[6] 18 Pa. C.S. §3126(a)(7).
[7] 18 Pa. C.S. §3127(a).

2

accepted the Defendant's plea and deferred sentencing until December 13, 2019, at which time Judge Baldwin entered a sentence totaling 30-60 years in state correctional institution.

Through his attorney, the Defendant filed a timely Appeal of Judge Baldwin's sentence. The Public Defender's Office then had separate counsel assigned to handle Defendant's Appeal. On October 14, 2020, the Pennsylvania Superior Court affirmed the trial Court's Decision. On October 21, 2020, Appellant's counsel filed an Application for Re-argument which was denied on December 17, 2020. Prior to the denial of the aforementioned Application, the Defendant filed a pro se Motion for Leave to File Post-Sentence Motion Nunc Pro Tunc which was treated by President Judge Baldwin as a Request for Post-Conviction Relief and appointed Attorney James Conville as PCRA Counsel. On January 14, 2021, the Defendant's appellant counsel filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. On February 5, 2021, the Defendant filed another pro se Motion for Post-Conviction Collateral Relief. At some time, the Defendant also requested the U.S. Supreme Court to review his case which was refused. On December 1, 2021, Judge Baldwin reinstated Defendant's PCRA Petition and re-appointed Attorney James Conville to represent Defendant in the PCRA Petition and permitted an amended filing for PRCA relief. On December 17, 2021, Attorney Conville filed an Amended Petition for Post-Conviction Collateral Relief based on the following three claims:

(a)    Trial counsel was ineffective for coercing the Defendant to enter a general plea to all of the charges by informing the Defendant that it would look better at Court rather than proceeding to trial;

(b)    Trial counsel was ineffective for failing to explain that a general plea could result with the Defendant receiving consecutive sentences on each of the charges; and

(c)    Trial counsel was ineffective for failing to file a Motion to Suppress Defendant's verbal and written confessions which were obtained in violation of Defendant's rights.

3

At the February 24, 2022 hearing, Attorney Conville included an additional claim that the Defendant's Plea Counsel was ineffective for failing to file a timely Post-Sentence Motion to Modify Sentence with the Trial Court, which the Defendant claims to have requested. At the hearing, the Defendant testified on his own behalf. The Commonwealth presented the testimony of the Defendant's trial counsel, William Burke, Esquire of the Schuylkill County Public Defender's Office and presented numerous exhibits in support of its position.

At the hearing, the Defendant testified that at the time of his guilty plea, he was taking medication including Zoloft and Risperdal and that while he can write, he does not read well nor did he necessarily understand what he was reading when he signed and initialed the guilty plea documents. Furthermore, the Defendant testified that he told Attorney Burke that he felt pressured by the Coaldale Police Department to sign the Miranda Warning and his written confessions. According to the Defendant, he was in the Coaldale Police Department for a period of approximately four (4) hours before making the confession.

The Defendant added that Attorney Burke did not fully explain the consequences of taking a general plea versus a negotiated plea nor did Attorney Burke explain the possibility of the sentences running consecutive versus concurrent. The Defendant stated that Attorney Burke told him it would look better for him to plead guilty than proceeding to trial and that subsequent to the sentence, he told Attorney Burke that he wanted to file a Motion for Modification.

Upon cross-examination, the Defendant was unable to articulate why he felt pressured into signing the Miranda Warning and written confessions or what mental deficiencies he suffers from that would impair his ability to understand exactly what he was doing when he pleaded guilty. Further, the Defendant, upon questioning, simply stated he felt pressured at the police station because he was asked similar questions over and over and was there for an extended period of time.

4

Attorney Burke testified that he met with the Defendant on numerous occasions at the Schuylkill County Prison prior to the Defendant's guilty plea. Furthermore, Attorney Burke always had his investigator accompany him to the meetings with the Defendant to make sure all potential issues were covered. Attorney Burke was able to specifically recall the conversations with the Defendant and that he thoroughly reviewed the Police Report, the Miranda Warning, and the Defendant's written confessions along with the methods in which they were obtained. While Attorney Burke remembers the Defendant stating he felt pressured into speaking with the police and confessing to the crimes, the Defendant was not able to articulate any reason that would give rise to a meritorious Suppression Motion. Rather, it appeared clear to Attorney Burke that the Coaldale Police Department was simply following standard investigative procedures. Defendant's claim that he was at the police department for in excess of four (4) hours is not credible and contradicted by the supporting documents, including the Coaldale Police Department Report, the signed Miranda Warning, and the signed confessions.

Attorney Burke further added that he fully explained to the Defendant the differences between a general plea and a negotiated plea, the possibility of sentences being run consecutive versus concurrent and the consequences of going to trial versus pleading guilty generally. Attorney Burke advised the Defendant that he could ask the Court for mercy rather than accepting a negotiated plea, which is the route the Defendant elected. And, importantly, Attorney Burke confirmed that he not only came to see the Defendant after the sentence but thoroughly discussed with Defendant the implications of the sentence and the Defendant's ability to file a Motion to Modify the Sentence and the likelihood of success. Attorney Burke added that after that conversation, the Defendant made no indication that he wished to file a Motion to Modify and that had he asked, despite the little chance of success, he would have done so.

In support of its position to deny relief, the Commonwealth submitted five (5) exhibits including the Coaldale Police Department Report, the Defendant's signed Miranda

5

Warning, the Defendant's signed confessions admitting to abuse of both of his daughters, and the transcript from the guilty plea hearing. The Defendant did not submit any documentary evidence.

DISCUSSION

In order to be eligible for PCRA relief, a Petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances enumerated in **42 Pa. C.S. §9543(a)(2)**, which includes ineffective assistance of counsel. Counsel is ineffective where it "undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **42 Pa. C.S. §9543(a)(2)(i), (ii)**. To prevail on an ineffective assistance of counsel claim, a petitioner must overcome the presumption that counsel is effective by establishing: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." *Commonwealth v. Chmiel*, 612 Pa. 333, 361, 30 A.3d 1111, 1128 (2018).

A criminal Defendant has a right to effective counsel during the plea process. *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. Ct. 2002). In the context of a plea, a claim of ineffective assistance of counsel will be granted only if the ineffectiveness caused the Defendant to enter an involuntary or unknowing plea. *Id.* Where the plea is entered on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id., quoting Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366 (1985). A Defendant is bound by the statements which he makes during his plea colloquy. *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. Ct. 2017). As such, a Defendant may not assert grounds for withdrawing the plea that contradict statements made when he entered the plea. *Id.*

The Defendant must also establish, by a preponderance of the evidence, "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for

6

his or her action or inaction; (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* All three prongs must be established in order for the claim to stand. *Id.*

### A. Ineffective Assistance of Counsel Claim (Coercing the Defendant)

First, the Defendant asserts that his plea counsel was ineffective because he coerced the Defendant to take the plea rather than go to trial because it would "look better" to the Court. The Defendant testified that he is innocent of the charges and Attorney Burke told him that his best option would be to take a plea because it would not look good going to trial. The Defendant testified that he took the plea, even though he did not want to.

Attorney Burke testified that the facts of this case were "horrible" against his client, and that he believed the only way to get a better deal than the offer made by the District Attorney's Office was to do a general plea. He testified that he was surprised to now hear the Defendant say he was innocent because he never denied the allegations made against him and insisted it was all just a mistake. Attorney Burke felt that to argue a defense that sexually assaulting minor children was a mistake and that he did not mean to do it would not be successful at trial. Attorney Burke testified that he advised the Defendant that taking a plea was his best option, but ultimately, it was the Defendant's decision. He and his investigator personally went over the plea paperwork with the Defendant, reading aloud each question and answering any questions the Defendant had.

First, there is no evidence that the Defendant was coerced. The Defendant did not provide any specifics of how he was coerced, or if he was threatened in any manner. There is also no indication in the record showing the Defendant was coerced. Furthermore, the Defendant's Written Guilty Plea in which he answered a series of questions, initialed the bottom of each page, and signed, he denies being forced or threatened. Question 28 asks, "Has anybody made any promises to you, threatened you in any manner or done or said anything that would induce you or put pressure on you to plead guilty?" The Defendant responded, "No." Question 29 asks, "Is your plea of guilty being given freely and voluntarily

7

without any force, threats, pressure or intimidation?" The defendant answered, "Yes." Furthermore, Attorney Burke's testimony is credible. An attorney advising a client that a plea is in his best interests is not coercion. It was sound, competent advice to the Defendant that a plea was in his best interests, based upon the facts of the case. Therefore, the ineffective assistance of counsel claim on the basis of coercion into a plea agreement must be denied.

**B. Ineffective Assistance of Counsel Claim (Failing to explain potential sentence)**

Next, the Defendant asserts that Plea Counsel was ineffective for failing to explain that sentences may run concurrent or consecutive. The Defendant testified that he did not know what concurrent or consecutive sentences at the time of the plea. Attorney Burke testified that he met with the Defendant regularly at the prison to go over discovery and the guidelines, and that the Defendant received a plea offer of 30-60 years imprisonment. This offer was not acceptable to the Defendant but the District Attorney would not negotiate anything less. Attorney Burke testified that he believed the only way to get a sentence lower than the 30-60 years was to take a general plea and try to argue to the Court for concurrent rather than consecutive sentences. Attorney Burke said that because of this strategy, the Defendant was well aware of the difference between consecutive and concurrent sentences and they discussed it at length.

Again, Attorney Burke's testimony is credible. The transcript of the Sentencing Hearing corroborates Attorney Burke's testimony that he was seeking a concurrent sentence rather than a consecutive sentence. He attempted to show that the Defendant took responsibility for his actions, that he did not force the child victims to testify at trial, and that he was sorry for what happened. Furthermore, Question 13(b) of the Written Plea Agreement asks, "Do you understand that if you are pleading guilty to more than one crime, the sentences for each crime may be imposed consecutively to each other and the maximum sentences and fines for all the crimes may be added together?" The Defendant

8

answered, "Yes." For these reasons, the ineffective assistance of counsel claim on the basis of failing to explain potential sentences is denied.

### C. Failure to file a Suppression Motion

"The failure to file a Suppression Motion under some circumstances may be evidence of ineffective assistance of counsel." *Commonwealth v. Metzger*, 295 Pa.Super. 267, 441 A.2d 1225, 1228 (1981). "However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move." *Id*. at 1228. "[T]he Defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." *Commonwealth v. Melson*, 383 Pa.Super. 139, 556 A.2d 836, 839 (1989).

In this matter, the Defendant claims he felt pressured into writing and signing the admissions of guilt and that he told this to his attorney. However, the Defendant did not articulate, either to his attorney, or to the Court, any credible reason why he felt pressured. The time notations on the admissions, Miranda Warning and Police Report discredit Defendant's claim that he was at the police station in excess of four hours. Further, a police officer repeating a question to a Defendant is not grounds to suppress, it is simply part of investigatory work.

The Court finds there were no meritorious grounds to have filed a suppression motion by Attorney Burke on behalf of the Defendant and that Attorney Burke properly analyzed all issued in this regard.

### D. Failure to File Post-Sentence Motion

Counsel is deemed ineffective where there is an unjustified failure to file a requested direct Appeal. *Commonwealth v. Lantzy*, 558 Pa. 214, 226-27, 736 A.2d 564, 572 (1999). Furthermore, the petitioner does not have to establish innocence or demonstrate that an Appeal would have been successful as long as the other PCRA requirements are met. *Id*.

9

However, "before a court will find ineffectiveness of trial counsel for failing to file a direct Appeal, [the Petitioner] must prove that he requested an Appeal and that counsel disregarded this request." *Commonwealth v. Harmon*, 738 A.2d 1023, 1024-25 (Pa. Super. Ct. 1999).

The Defendant claims he instructed Attorney Burke to file a Motion to Modify Sentence. However, Attorney Burke denies the Defendant made such instruction. Instead, Attorney Burke testified that he and his investigator visited the Defendant in prison after the sentence was handed down and that they thoroughly discussed the sentence and any potential post-conviction remedies including a motion to modify. It should be noted that Attorney Burke did file a direct appeal with the Superior Court on behalf of the Defendant knowing such had little to no chance of success. Acknowledging a Motion to Modify Sentence would similarly have little to no chance of success given the horrendous accusations to which the Defendant had just plead guilty, Attorney Burke credibly testified that had Defendant asked him to file the Motion to Modify he would have done so. Instead, after the discussion, the Defendant instructed Attorney Burke to file an appeal to the Superior Court and not to file a Motion to Modify. Petitioner failed to prove that he requested a modification motion to be filed.

The Defendant's self-serving statements that his guilty plea was not voluntary and the result of ineffective assistance are not credible. The Defendant has failed to satisfy his burden to be afforded relief under the Post-Conviction Relief Act and thus the Court enters the following:

10

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY--CRIMINAL

COMMONWEALTH OF PENNSYLVANIA   :     NOS.  CR-645-2019

          vs.           :

PETER SOROKAPUT, #QA5443     :
           Defendant  :

Michael J. Stine, Esquire – for the Commonwealth
James G. Conville, Esquire – for the Defendant

### ORDER OF COURT

HOBBS, J.

**AND NOW,** this 23rd day of March, 2022, upon consideration of the Defendant's Petition for Post-Conviction Collateral Relief and evidentiary hearing held on February 24, 2022, it is hereby **ORDERED** that the Defendant's Petition is **DENIED.**

THE PETITIONER, PETER SOROKAPUT, IS HEREBY ADVISED OF HIS RIGHT TO APPEAL FROM THIS ORDER DISPOSING OF HIS PETITION BY FILING A NOTICE OF APPEAL THEREFROM WITH THE SUPERIOR COURT NO LATER THAN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER. THE FAILURE TO FILE AN APPEAL WITH THE SUPERIOR COURT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER WILL RESULT IN THE WAIVER OF ANY APPEAL.

It is further **ORDERED** that a copy of this Order and Notice of Right of Appeal be sent to the Petitioner by Certified Mail, Return Receipt Requested.

BY THE COURT,

_____

-30-