**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RYAN HO :
:
Appellant : No. 19 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001076-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RYAN HO :
:
Appellant : No. 20 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001078-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RYAN HO :
:
Appellant : No. 21 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001079-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYAN HO | : | |
| | : | |
| Appellant | : | No. 22 MDA 2022 |

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001080-2011

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RYAN HO | : | |
| | : | |
| Appellant | : | No. 23 MDA 2022 |

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001081-2011

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RYAN HO | : | |
| | : | |
| Appellant | : | No. 24 MDA 2022 |

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001085-2011

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |

RYAN HO                             :
                                   :
            Appellant              :       No. 25 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001100-2011

COMMONWEALTH OF PENNSYLVANIA       :       IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                                   :
            v.                     :
                                   :
                                   :
                                   :
RYAN HO                            :
                                   :
            Appellant              :       No. 26 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001102-2011

COMMONWEALTH OF PENNSYLVANIA       :       IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                                   :
            v.                     :
                                   :
                                   :
                                   :
RYAN HO                            :
                                   :
            Appellant              :       No. 27 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001110-2011

COMMONWEALTH OF PENNSYLVANIA       :       IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                                   :
            v.                     :
                                   :
                                   :
                                   :
RYAN HO                            :
                                   :
            Appellant              :       No. 28 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001120-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RYAN HO :
:
Appellant : No. 29 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001127-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RYAN HO :
:
Appellant : No. 30 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001131-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RYAN HO :
:
Appellant : No. 31 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County

Criminal Division at No(s): CP-14-CR-0001135-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RYAN HO :
:
Appellant : No. 32 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001231-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RYAN HO :
:
Appellant : No. 33 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001232-2011

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
RYAN HO :
:
Appellant : No. 34 MDA 2022

Appeal from the PCRA Order Entered November 23, 2021
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001233-2011

J-S12034-23

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 01, 2023**

Ryan Ho appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA). **See** 42 Pa.C.S. §§ 9541-9546. On appeal, Ho contends that the lower court erred in dismissing his petition and further asserts that he adequately demonstrated that his trial counsel provided him with ineffective assistance. Specifically, Ho avers that counsel failed to file a suppression motion predicated on two somewhat-related issues that immediately preceded the time of his arrest. Ho also raises claims as to the effectiveness of his prior PCRA counsel's handling of these issues under **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). After a thorough review of the record, we affirm the two discrete issues raised by appellate PCRA counsel. However, for the reasons explained below, we remand for further proceedings.

Although Ho was charged and convicted at sixteen separate docket numbers featuring offenses ranging from, *inter alia*, burglary to criminal trespass to indecent assault, the only factual underpinnings relevant to the present appeal are at docket number CP-14-CR-1100-2011, the events of which directly led to his arrest on May 19, 2011. As best as can be gleaned from the record, at 2:38 a.m., Centre County police officers were notified via dispatch call on that date of a home invasion in State College, Pennsylvania, which involved an almost entirely naked male wearing a black mask prying

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 6 -

open a door frame and subsequently gaining access to an apartment. As reported, upon entering, the perpetrator masturbated and sexually assaulted the victim. After some period of time, which involved a struggle on the ground between the victim and perpetrator, the perpetrator stood up and ran outside of the apartment.

Immediately thereafter and close in proximity to the apartment, at around 2:40 that same morning, Ho was seized by a police officer on foot who later would testify that he, as a nearby resident, was intimately familiar with the layout of the apartment complex where the assault took place. At that point, Ho appeared to be sweating and was wearing dark, but unzipped, clothing. Moreover, his hair looked as though he had been wearing something over his head. To that officer, Ho appeared to have been walking in a hurried fashion on or towards the footpath, coming from hilly terrain, where he was initially spotted. During this police interaction, Ho was ordered to stop. He was then patted down, whereupon a screwdriver, black mask, surgical mask, and latex gloves were found. In addition, the victim, who arrived with another officer, requested, for identification purposes, that a mask be placed on Ho's head. This act resulted in the victim recognizing Ho as the individual who both broke into her apartment and then proceeded to sexually assault her. Ho was subsequently arrested.

Eventually, on the afternoon following his arrest, Ho confessed to being involved in all of the sixteen criminal cases in which he would ultimately be found guilty. Specifically, among other admissions, Ho admitted to targeting

Asian females and acting in ways that would minimize his risk of getting caught. Subsequent DNA analysis linked him to two of the sixteen crime scenes.

After being charged, Ho's trial counsel filed a motion to suppress Ho's confession, alleging that it was involuntary, which was ultimately denied. Following a three-day jury trial, Ho was convicted on all sixty-eight counts he faced, which resulted in an aggregate sentence of twenty-six to fifty-two years of incarceration.

Ho's trial counsel then concurrently filed post-sentence motions and a motion to withdraw from representation. Thereafter, Ho's trial counsel was permitted to withdraw, and the court appointed the Centre County Public Defender's Office to represent him. Several months later, the court denied Ho's post-sentence motion.

After this denial, Ho filed a notice of appeal to this Court, which resulted in an affirmance of his judgment of sentence. Following our disposition, Ho petitioned our Supreme Court for further review, but was denied an allowance of appeal by that Court on May 29, 2014. Ho did not file a petition for *certiorari* with the United States Supreme Court.

On June 26, 2015, Ho, while counseled, filed a PCRA petition, his first, alleging ineffective assistance of trial counsel. On March 17, 2016, Ho filed an amended PCRA petition, which, too, asserted ineffective assistance of counsel. Despite including since-abandoned claims, the amended petition also raised the two counseled issues that are currently in dispute.

On December 14, 2017, the PCRA court[1] held an evidentiary hearing. That hearing featured an examination into trial counsel's reasons for not challenging Ho's initial investigatory detention and, separately, the seizure of items that were uncovered from the police officer's pat down. Following this hearing, the court denied PCRA relief on November 7, 2018.

PCRA counsel then sought leave to withdraw as counsel, which was granted. Ho, in a *pro se* capacity, filed a motion for reconsideration of the PCRA court's dismissal of his petition. The court granted Ho's motion on December 3, 2018.[2] Eventually, Ho, still *pro se* but apparently at that point with the benefit of standby counsel, filed an amended PCRA petition on June 12, 2019. Finally, the court, on November 23, 2021, entered an order denying PCRA relief without any further evidentiary hearing. Ho, while continuing to be *pro se*, filed a timely notice of appeal from this decision. However, after this filing, new PCRA counsel was appointed to represent him, and Ho

_____

[1] The judge overseeing PCRA proceedings was the same judge who sat for Ho's trial.

[2] Although the PCRA court fully disposed of Ho's PCRA claims in its November 7, 2018 order, the court did not lose jurisdiction over the PCRA proceedings at that time because it granted reconsideration within thirty days of the date of entry of its order. **See** 42 Pa.C.S. § 5505; Pa.R.A.P. 1701(b)(3); **Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007). Therefore, notwithstanding the PCRA court's statement in its most recent opinion that Ho had "previously litigated," Trial Court Opinion, 11/23/21, at 5, the claims at issue in this appeal despite proceeding *pro se* with a subsequent amendment after the November 7, 2018 dismissal, we agree with Ho that his PCRA claims were not finally disposed of until the court filed its November 23, 2021 order that is currently on appeal.

continues to be represented by this counsel in the present appeal. Ho, through his current appellate PCRA counsel, filed an appellate brief raising two issues, the first based upon the ineffectiveness of trial counsel and the second upon the ineffectiveness of Ho's prior PCRA counsel.

On July 25, 2023, this Court issued a memorandum materially disposing of those two claims. However, in a document dated July 31, 2023, and filed August 3, 2023, Ho submitted a *pro se* "Application for Reargument and Appointment of New Counsel". In that filing, Ho purports to raise additional ineffective assistance of counsel claims under **Bradley**, this time against his current appellate PCRA counsel. *Inter alia*, Ho contends that appellate PCRA counsel failed to raise meritorious issues before this Court that had been allegedly raised by Ho before the PCRA court in a *pro se* capacity. **See**, **e.g**., Application for Reargument and Appointment of New Counsel, 8/3/23, at 8-9. Normally, Ho's application, filed while he was still represented by counsel, would constitute a legal nullity, given this Court's general prohibition on hybrid representation. **See, e.g**., **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).

In light of our Supreme Court's **Bradley** decision, which allows for "a petitioner to raise claims of PCRA counsel's ineffectiveness at the *first* opportunity … even if on appeal," 261 A.3d at 401 (emphasis added), this Court granted panel reconsideration and withdrew the July 25, 2023 memorandum. Thereafter, on October 2, 2023, we issued an order directing Ho and/or appellate PCRA counsel to: (1) file an application to proceed *pro se*,

- 10 -

(2) retain independent private counsel; or (3) file a petition to withdraw from representation and request the appointment of new counsel. **See** Order, 10/2/23, at 6-7. On October 23, 2023, Ho's appellate PCRA counsel filed a petition to withdraw and simultaneously requested the appointment of new counsel.

In this memorandum, we initially address the two questions raised by PCRA appellate counsel in his brief filed in this Court:

1. Did the lower court err in dismissing his PCRA petition, which alleged the ineffectiveness of trial counsel for failing to have filed a motion to suppress evidence on the basis that the investigative detention prior to his arrest was illegal given that law enforcement lacked a reasonable suspicion to seize him?

2. Did the lower court err in dismissing his PCRA petition, which alleged the ineffectiveness of trial counsel predicated on counsel's failure to file a motion to suppress evidence given that the **Terry** [**v. Ohio**, 392 U.S. 1 (1968)] frisk and subsequent search was illegal as law enforcement lacked a reasonable basis to believe that he was armed and dangerous?

Appellant's Brief, at 7.[3]

Substantively, as an appeal stemming from the denial of a PCRA petition, our standard of review "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations,

_____

[3] We note that Ho did not raise any claim as to effectiveness of current appellate PCRA counsel's presentation of these claims in his *pro se* "Application for Reargument and Appointment of New Counsel."

when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Both of Ho's counseled claims argue that he received ineffective assistance from his trial counsel for having failed to file a suppression motion as it related to both the initial stop, described as an investigative detention, and the subsequent pat-down that was performed on him.

Preliminarily, this Court presumes counsel's effectiveness. ***See Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). Accordingly, to overcome this presumption, a petitioner must demonstrate that: (1) his underlying claim has arguable merit; (2) counsel lacked a reasonable basis for its actions or omissions; and (3) the petitioner resultantly suffered actual prejudice. ***See Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). The failure of a petitioner to meet any one of these three prongs is fatal to an ineffective assistance claim. ***See Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009).

> In the context of a suppression motion,
>
> [t]his Court has previously found that "[t]he failure to file a suppression motion under some circumstances may be evidence of ineffective assistance of counsel." ***Commonwealth v. Metzger***, 441 A.2d 1225, 1228 ([Pa. Super.] 1981); ***see also Commonwealth v. Ransome***, 402 A.2d 1379, 1381 ([Pa.] 1979). "However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move." ***Metzger***, 441 A.2d at 1228. "[T]he defendant must

- 12 -

establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." *Commonwealth v. Melson*, 556 A.2d 836, 839 ([Pa. Super.] 1989).

*Commonwealth v. Watley*, 153 A.3d 1034, 1044 (Pa. Super. 2016) (parallel citations omitted).

Ho first argues that trial counsel should have sought the suppression of his initial detention on May 19, 2011—and any evidence collected as a result of his detention—because when the officer encountered him at or around the footpath and then proceeded to detain him, there was no reasonable suspicion for the officer to engage him in that manner.

> The police are permitted to stop and briefly detain citizens only when they have reasonable suspicion, based on specific and articulable facts, that criminal activity may be afoot. *Commonwealth v. Zhahir*, 751 A.2d 1153, 1156 ([Pa.] 2000) (citing *Terry v. Ohio*, 392 U.S. 1, 21, 30 (1968)); *Commonwealth v. Melendez*, 676 A.2d 226, 228 ([Pa.] 1996); *Commonwealth v. Hicks*, 253 A.2d 276, 280 ([Pa.] 1969). In determining whether reasonable suspicion exists for an investigative detention, or as it is also known in the common legal vernacular, a "*Terry* stop," the inquiry is the same under both the Fourth Amendment of the United States Constitution and Article 1, § 8 of the Pennsylvania Constitution. *Commonwealth v. Cook*, 735 A.2d 673, 677 ([Pa.] 1999); *Commonwealth v. Jackson*, 698 A.2d 571, 573 ([Pa.] 1997). "The fundamental inquiry is an objective one, namely, whether 'the facts available to the officer at the moment of the intrusion warrant a man of reasonable caution in the belief that the action taken was appropriate.'" *Zhahir*, 751 A.2d at 1156 (citing *Terry*, *supra*, 392 U.S. at 21–22). In order to determine whether the police had a reasonable suspicion to subject an individual to an investigative detention, the totality of the factual circumstances which existed at the time of the investigative detention must be considered. *Id*. (citing *United States v. Cortez*, 449 U.S. 411, 417 (1981)). "Among the factors to be considered in establishing a basis for

- 13 -

> reasonable suspicion are tips, the reliability of the informants, time, location, and suspicious activity, including flight." ***Commonwealth v. Gray***, 784 A.2d 137, 142 (Pa. Super. 2001).

***Commonwealth v. Ayala***, 791 A.2d 1202, 1208 (Pa. Super. 2002) (parallel citations omitted). To ascertain whether an investigative detention, in fact, occurred, the standard is whether "a reasonable person does not feel free to terminate an encounter with the police and leave the scene[.]" ***Id***. (citation omitted).

"To demonstrate reasonable suspicion, the detaining officer must articulate something more than an inchoate and unparticularized suspicion or hunch." ***Commonwealth v. Cunningham***, 287 A.3d 1, 9 (Pa. Super. 2022) (citation omitted). "To determine whether reasonable suspicion exists, we examine the totality of the circumstances through the eyes of a trained officer and not an ordinary citizen." ***Id***. (citation omitted).

None of the parties dispute that the initial officer's encounter of Ho, wherein Ho was prohibited from terminating the engagement with that officer, constituted an investigative detention. Accordingly, the officer was required to have reasonable suspicion to command Ho to cease all movement. Ho contends that at the point of interception, the officer, based on his own testimony, only knew, via a police radio call, that there had been "a trespass and sexual assault" and that Ho was in the immediate area of where those two criminal activities occurred. N.T., 5/30/12, at 20-21. Through the lens of the other officer who had been with the victim, that second officer described

the radio call as a "trespass occurring" and containing "some information about a male being in an apartment." *Id*., at 9. As such, "no additional information was given to responding officers by dispatch beyond the attacker being a male[.]" Appellant's Brief, at 32. Moreover, the victim indicated that during the break-in and assault, she could "only see [her attacker's] eyes and mouth and nose." Deposition of Li Wang, 4/30/12, at 10. The victim also noted that her attacker was taller than her. *See id*., at 27-28.

Ho implicitly asserts that the general information identified, *supra*, cannot support an investigatory detention. Specifically, "even where the circumstances surrounding an individual's conduct suggest ongoing illegality, the individual may not be detained unless his or her personal conduct substantiates involvement in that activity." *Commonwealth v. Morrison*, 166 A.3d 357, 365 (Pa. Super. 2017) (citation omitted). In other words, there must be "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Id*. (citation and emphasis omitted).

At the PCRA hearing, trial counsel, after some level of refreshing her memory, stated that the police report "reflects that what [the first officer] heard [prior to encountering Ho] was that there was a tall, thin Asian male who was involved. The male had been wearing a mask." PCRA Hearing, 12/14/17, at 8. In addition, counsel's "understanding from the record [was] that when [that officer] stopped … Ho, … Ho was the only male, Asian male in the area[.]" *Id*. That officer, who noted the proximity to the apartment,

testified that Ho "was walking like he had a purpose, walking in a hurry." N.T., 5/30/12, at 22. In addition, Ho "had total hat head[,]" implying some level of disheveled appearance. *Id*.; *see also id*., at 24 (stating that Ho's "pants were unsnapped at [the] time[]"); at 26 (reemphasizing that Ho's pants "were unsnapped and unzipped[]").

"[T]he totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer." *Commonwealth v. Hughes*, 908 A.2d 924, 927 (Pa. Super. 2006) (citation and internal quotation marks omitted). The lower court, here, held that

> the totality of the circumstances indicates that officers had reasonable suspicion to detain [Ho]. The victim of a sexual assault gave a description of her attacker as a tall, thin Asian man wearing a mask. [Ho] was the only Asian male in the area, and was found only 400-500 yards away from the scene of the attack. Further, [Ho] was sweating and appeared to have just removed something from his head. He was walking away from the scene of the attack at a high rate of speed and his pants were unzipped. Under these facts, officers clearly had reasonable suspicion to detain [Ho] long enough to conduct an investigation to verify or dispel their suspicions[.]

Trial Court Opinion, 11/7/18, at 5.

While Ho contends that "the radio description of the individual suspected in the burglary … was simply that the alleged perpetrator was a male[,]" Appellant's Brief, at 36, the reasonableness of the initial investigatory detention was not germane to the adjudication of Ho's guilt at trial, and

- 16 -

therefore, there was no reason to delve into the specific contents of the underlying radio report in that proceeding. As evidenced by the subsequent testimony of trial counsel during PCRA proceedings, the broadcasted description contained significantly more information than that the alleged perpetrator was a male.

This case is distinctly not a situation where Ho's "mere presence" at a "particular place" implied to the detaining officer that he had "engaged in criminal activity." *Commonwealth v. Hayward*, 756 A.2d 23 (Pa. Super. 2000). Instead, even if all of the elements were construed as innocent in isolation, Ho's physical and temporal proximity to the crime scene, racial and physical profile matching reported attributes of the attacker, unkempt appearance, and hurried actions went beyond an unparticularized suspicion, forming reasonable suspicion to inquire further into Ho's presence and prior whereabouts. As such, there is no merit to the assertion that a suppression motion would have been meritorious on this basis, and trial counsel did not, therefore, provide ineffective assistance by not raising a suppression claim as to the grounds for his detention.

Notwithstanding the fact that the officers, at trial, did not have any inherent reason to delve into the contents of the police report identifying the radio call that preceded his arrest, Ho seems to refute trial counsel's ability to provide evidence of her knowledge of that report's contents at the subsequent PCRA hearing, wherein more descriptive elements of the attacker were placed

on the record. Ho provides no authority to establish that the court was prohibited from considering trial counsel's post-trial recitation of the original pre-interception police description of the assailant. To be clear, at the hearing, it was unequivocally asked "what was the description that [the officer] indicated was given to him for stopping … Ho?" PCRA Hearing, 12/14/17, at 8. Conversely, Ho's claim that "the [PCRA] court considered among the totality of the circumstances facts that were completely unsupported by the record[,]" Appellant's Brief, at 40, is itself erroneous based on, *inter alia*, trial counsel's testimony.

Relatedly, Ho, through his current PCRA counsel, argues that his PCRA counsel who represented him at the time of the PCRA hearing was ineffective under our Supreme Court's decision in **Bradley**. As Ho notes in his brief, **Bradley** allows PCRA petitioners to "raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal[]" following a PCRA court's denial of relief and appointment of new counsel. 261 A.3d at 401. Ho faults former PCRA counsel's lack of inquiry at the hearing into the report trial counsel relied upon in identifying the description known to police officers at the time of his investigative detention. He also argues that prior PCRA counsel should have confronted trial counsel with the officers' trial testimony in which they stated that they stopped Ho based upon a report of a male.

While, certainly, the source of the report trial counsel relied upon at the

PCRA hearing could have been better illuminated for record purposes, it is apparent from the transcript that trial counsel refreshed her recollection at the hearing with a description of the perpetrator of the alleged assault that was broadcast on radio and heard by the officer who stopped Ho. PCRA Hearing, 12/14/17, at 7-8 (when asked why she did not file a suppression motion as to the detention, trial counsel asked whether she could "review a report that I think would refresh my memory on that issue" and then described the contents of the report). Ho has not alleged in his brief that the report identified by trial counsel was absent from the discovery and other materials which she had in her possession at the time she filed her suppression motion, nor does Ho claim that the officer was not in fact in possession of the report at the time he stopped Ho. Instead, Ho merely relies on the trial testimony of officers regarding the stop, which, as discussed above, is in no way dispositive on the question of whether a suppression motion challenging the stop would be successful. Ho's claim of prior PCRA counsel ineffectiveness is thus nothing more than a "hindsight 'gotcha' scenario[]: *i.e.*, [that] counsel should have done this or [] should not have done that," ***Commonwealth v. Daniels***, 104 A.3d 267, 285 (Pa. 2014), and lacks any substantiation of how or whether prior PCRA counsel's actions in cross-examining trial counsel on the source of the report detailing the suspect's appearance or ensuring that the report was

admitted into evidence would have resulted in a contrary result.[4] We accordingly determine that Ho's **Bradley** claim lacks merit and further that Ho is due no relief on his first appellate issue.

In his second claim, Ho asserts that trial counsel should have filed a motion to suppress related to the **Terry** frisk that was performed on him, as said frisk led to the discovery of incriminating items on his person. A **Terry** frisk allows a police officer, during a valid investigatory stop, to perform a pat-down of an individual's outer garments to search for weapons if that officer observes any sort of suspicious conduct that leads to a reasonable belief that the individual may be armed and dangerous. **See Commonwealth v. E.M.**, 735 A.2d 654, 659 (Pa. 1999). "In order to justify a frisk under **Terry**, the officer must be able to point to particular facts from which he reasonably inferred that the individual was armed and dangerous." **Id**. (citation and internal quotation marks omitted). "Such a frisk, permitted without a warrant and on the basis of reasonable suspicion less than probable cause, must

---

[4] Ho also argues that former PCRA counsel should have objected to trial counsel's testimony regarding the report as hearsay. However, trial counsel did not rely on the report to establish its truth but simply to explain what she relied upon in making the decision not to raise a suppression claim as to the investigative detention. Therefore, counsel's recitation of the contents of the report at the PCRA hearing was not hearsay. **Commonwealth v. Wantz**, 84 A.3d 324, 336 (Pa. Super. 2014) (reports by detective and doctor admitted at PCRA hearing were not hearsay where they admitted "not for the truth of the matters set forth therein, but rather for the purpose of establishing counsel's strategic basis for not calling [a particular witness] to testify and the lack of prejudice resulting from the decision not to do so").

always be strictly limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby." ***Id***. (citation and internal quotation marks omitted). If, during a ***Terry*** frisk, officers come across contraband that is immediately apparent, then there is no contravention of the warrant requirement. ***See Minnesota v. Dickerson***, 508 U.S. 366, 375-77 (1993).

> In directly addressing Ho's contention, the lower court held that

> it was immediately apparent based on the totality of the circumstances that the items seized were instruments of a crime. [Ho] was suspected of having committed a violent crime minutes prior to being detained; officers therefore had reasonable concern to believe [Ho] posed a threat to their safety. During the frisk, officers not only discovered the mask, gloves, and hood, but a screwdriver. The victim reported that her attacker was wearing the mask and gloves during the attack, and therefore, in light of the fact that [Ho] was found near the scene of the attack, it was objectively reasonable for officers to conclude the mask was contraband.

Trial Court Opinion, 11/7/18, at 6.

Ho claims that the detaining officer "did not testify that at the time of the stop, before frisking him, [Ho] was acting nervously or threateningly or displayed any suspicious behavior other than walking quickly." Appellant's Brief, at 50. In addition, that officer "did not testify as to how or why the encounter in the instant case escalated from a detention to a reasonable basis to believe that [Ho] was armed and dangerous." ***Id***.

Ho is correct insofar as there is no direct *trial* testimony from the detaining officer establishing that the officer believed Ho was likely to have a weapon. However, as detailed above, we place no weight on his trial testimony

- 21 -

as the officer's basis for conducting the stop was not directly relevant to the Commonwealth's proof at trial. Rather, the record is abundantly clear that the officer knew that a violent crime had just been committed, which involved forcible access to the victim's apartment. Consistent with what happened here, "[t]he facts known to the officer prior to the frisk in question show that a crime of violence was reported[.]" ***Commonwealth v. Prengle***, 437 A.2d 992, 995 (Pa. Super. 1981). And, then, "within minutes of the reported crime," ***id***., the officer, in the middle of the night in the immediate location of the incident, saw a disheveled individual walking briskly, matching the reported description of the assailant. Based on the known elements of the reported crime in addition to Ho's unusual gate and appearance, this Court is obligated to "not ignore the probable existence of danger[.]" ***Id***. It was therefore permissible, if not his implicit reason, for the officer to believe that Ho was armed and presently dangerous, and a ***Terry*** frisk stemming from that belief was not unreasonable. Therefore, there is no merit to contention that trial counsel was ineffective for having not filed a suppression motion as it pertained to the ***Terry*** frisk.

Furthermore, we conclude that Ho's counseled ***Bradley*** claim lacks arguable merit as former PCRA counsel was not ineffective where the underlying ineffectiveness claim as to trial counsel's inaction of the suppression motion also lacks arguable merit. ***See Commonwealth v. Parrish***, 273 A.3d 989, 1003 n.11 (Pa. 2022) ("Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a

preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation.") (citation omitted). Moreover, Ho did not demonstrate prejudice by his previous PCRA counsel where the only allegation of deficient performance was former counsel's misstatement of the **Terry** legal standard in a brief submitted to the PCRA court, yet the lower court recited the correct standard and appropriately analyzed the constitutionality of the stop in its opinion. **See** Trial Court Opinion, 11/7/18, at 6.

In seeing no merit to either of the issues raised by appellate PCRA counsel in this appeal, we affirm the lower court's order dismissing Ho's PCRA petition to the extent it rested upon its consideration of the two counseled claims addressed above. However, we are required to remand this matter for the PCRA court to address the additional **Bradley** claims Ho sought to raise in his *pro se* "Application for Reargument and Appointment of New Counsel" as well as appellate PCRA counsel's petition to withdraw and request for the appointment of new counsel, filed in response to our October 2, 2023 order. While "[i]n some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims[,]" **Bradley**, 261 A.3d at 402, in the present case the record is not fully developed to allow for the consideration of the ineffectiveness claims Ho included in his *pro se* filing. Therefore, we necessarily must "remand to the PCRA court for further development of the record" and presentation of these claims and to allow the PCRA court to address these issues in the first instance. **Id**.

Order affirmed in part and vacated in part. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/01/2023